**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

REUBEN GARCIA,

Defendant-Appellant.

No. 01-8025
(D.C. No. 00-CR-101-02)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Reuben Garcia challenges a two-level enhancement to his sentence for drug-related offenses, arguing that the government failed to

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prove that he was a leader or organizer of criminal activity as described in Section 3B1.1(c) of the Sentencing Guidelines. [1] We exercise jurisdiction under 18 U.S.C. § 3742 and affirm.

## I. Background

Between April 1 and June 15, 2000, Mr. Garcia obtained methamphetamine and heroin from sources in California and paid a methamphetamine addict, Walter J. Hei, to transport the drugs from California to Minneapolis, Minnesota, where the drugs were sold. On one occasion when Mr. Hei was driving to Minnesota, he was stopped by police in Wyoming for an expired registration, and the drugs were discovered with the assistance of a canine unit. Mr. Garcia, Mr. Hei, and Mr. Garcia's cousin, Amado Garcia (who was traveling with Mr. Hei when he was stopped by the police), were charged with conspiracy to possess and distribute methamphetamine.

A superseding indictment charged Mr. Garcia with conspiracy to possess with intent to distribute methamphetamine and heroin, aiding and abetting possession with intent to distribute methamphetamine, and aiding and abetting possession with intent to distribute heroin. Mr. Garcia pled guilty to all three counts of the superseding indictment.

---

[1]     The November 1, 2000 Sentencing Guidelines were applied by the district court and apply to this appeal.

At his sentencing hearing, Mr. Garcia moved for a downward departure on the grounds that his criminal history was over represented, and objected to the government's effort to seek a two-level enhancement to his sentence for his role as a leader or organizer in the offense. The sentencing court granted the downward departure but imposed the two-level leader/organizer enhancement. In concluding that Mr. Garcia had served the role of a leader/organizer, the sentencing court focused on the fact that Mr. Garcia recruited Mr. Hei, paid Mr. Hei, instructed Mr. Hei in trafficking, provided Mr. Hei with specially crafted undergarments in which to transport the drugs, and otherwise controlled the logistics of the transport. The sentencing court relied heavily on the investigative report and on testimony by Mr. Hei which the court observed in separate proceedings. Mr. Garcia now appeals the imposition of the enhancement.

## II. Discussion

Section 3B1.1(c) of the Sentencing Guidelines mandates that a defendant's offense level be increased two levels "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." When the government seeks to increase a defendant's sentence, it bears the burden of proving by a preponderance of the evidence that the increase is justified. *United States v. Torres*, 53 F.3d 1129, 1142 (10th Cir. 1995).

When determining whether to impose a leader/organizer enhancement, the sentencing court should consider

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense . . . and the degree of control and authority exercised over others.

USSG § 3B1.1, cmt. (n.4) (2000). "In considering these factors, the sentencing court should remain conscious of the fact that the gravamen of this enhancement is control, organization, and responsibility for the actions of other individuals . . . ." *Torres*, 53 F.3d at 1142.

The basic thrust of Mr. Garcia's argument on appeal is that the government failed to meet its burden of proof because it failed to introduce key facts into evidence and otherwise presented information that was unreliable or insufficient. This assertion is reiterated through four distinct allegations of error: that the district court (1) impermissibly adopted the findings of the presentence report (PSR) and the investigative report; (2) impermissibly considered unreliable hearsay; (3) impermissibly relied on information not in evidence; and (4) failed to consider the factors relevant to determination of whether Mr. Garcia was a leader/organizer.

In reviewing a sentencing decision, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v.*

*Baez-Acuna*, 54 F.3d 634, 638 (10th Cir. 1995). The determination that a defendant was a leader of a criminal activity is an issue of fact. *United States v. Browning*, 61 F.3d 752, 755 (10th Cir. 1995). Where a defendant failed to raise an issue before the sentencing court our review is for plain error only. *United States v. Farnsworth*, 92 F.3d 1001, 1007 (10th Cir. 1996).

### A. The District Court Was Free to Adopt the Findings of the Investigative and Presentence Reports

Mr. Garcia asserts that a sentencing court may not simply adopt the findings of the PSR (or, by extension, the findings in the investigative report that supports the PSR), citing *Farnsworth*. *See* 92 F.3d at 1011. The prohibition stated in *Farnsworth* is based on Fed. R. Crim. Pro. 32(c)(1),[2] which requires that "[f]or each matter controverted [in the presentence report], the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken to account in, or will not affect, sentencing."

The fact that a defendant has objected to the ultimate conclusions drawn by the PSR, however, does not necessarily imply that a "controverted matter" exists. To successfully invoke the fact-finding obligation of Rule 32(c)(1), the defendant must make "specific allegations of factual inaccuracy." *United States v. Murray*,

---

[2] Formerly Rule 32(c)(3)(D).

82 F.3d 361, 363 (10th Cir. 1996) (quoting *United States v. Pedraza*, 27 F.3d 1515, 1531 (10th Cir. 1994)); *see also United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999) (defendant's rebuttal evidence must demonstrate that information in PSR is materially untrue, inaccurate or unreliable). Arguments that "challenge[] the district court's application of the guidelines to the facts and not the facts themselves" do not trigger any obligation on the part of the district court to make specific findings. *United States v. Windle*, 74 F.3d 997, 1002 (10th Cir. 1996); *see also United States v. Hall,* 212 F.3d 1016, 1023 (7th Cir. 2000) (defendant must offer evidence beyond his own mere denials to prompt further inquiry into disputed sentencing issues).

Here, Mr. Garcia lodged objections directly to the PSR and reiterated his objections both in a subsequent memorandum addressing sentencing issues and again at the sentencing hearing. In his objections, Mr. Garcia denied that he was a leader, claimed that he and Mr. Hei decided together to distribute the drugs in Minneapolis, and described their relationship as that of "co-equals." He did not, however, rebut any of the core facts supporting the conclusion that he was a leader or organizer, for example: that he paid Mr. Hei, purchased train tickets for one of the transports, and supplied the specially crafted undergarments in which Mr. Hei transported the drugs. Because Mr. Garcia did not offer any evidence specifically controverting factual information in the PSR, the sentencing court

-6-

was not prohibited from adopting the factual findings of the PSR or the investigative report.

### B. The Hearsay Testimony Was Corroborated by Facts Admitted by the Defendant

Mr. Garcia also argues that the sentencing court improperly considered unreliable hearsay in the form of the investigative report. In the report, a police officer recounted statements made by Mr. Hei regarding the nature of his relationship with Mr. Garcia and described an undercover phone call from Mr. Hei to Mr. Garcia.

The rules of evidence do not apply to sentencing hearings, and, as such, a sentencing court is free to consider hearsay that bears "some minimal indicia of reliability." *Browning*, 61 F.3d at 755; *see also* USSG § 6A1.3(a). Such indicia of reliability are present here. We have previously held that hearsay may be sufficiently reliable if corroborated by facts admitted by a defendant in pleading guilty to the indictment. *See United States v. Roach*, 978 F.2d 573, 576 (10th Cir. 1992) (hearsay testimony by agent reliable even though contradicted by defendant's testimony).

Here, by pleading guilty to the indictment, Mr. Garcia admitted that he asked Mr. Hei to transport the drugs, paid Mr. Hei, obtained and provided the drugs to Mr. Hei, provided specially crafted undergarments for transporting the drugs, paid Mr. Hei's travel expenses, and verbally directed Mr. Hei's actions

over the telephone. [3]  These admitted facts provide sufficient corroboration for the hearsay testimony of the police officer.

### C.  It Was Not Plain Error for the Sentencing Court to Rely  on Information Not in Evidence

Mr. Garcia further argues that the sentencing court erred in relying on the investigative report because the government did not seek to have the report formally admitted into evidence.  This objection was not raised before the sentencing court; therefore, our review is for plain error only.      *See Farnsworth* , 92 F.3d at 1007.  To demonstrate the existence of plain error, an appellant must show (1) there is error, (2) that is plain, and (3) that affects substantial rights. *Johnson v. United States*, 520 U.S. 461, 466-67 (1997).

In determining a sentence, the district court may appropriately consider all sources of information without limitation; the sole touchstone is reliability.  *See United States v. Beaulieu*, 893 F.2d 1177, 1179 (10th Cir. 1990).  Thus, the sentencing court may consider information that would be inadmissible at a criminal trial, including reliable hearsay and statements of co-defendants made in separate proceedings.  *See* USSG § 6A1.3, cmt.*; Beaulieu*, 893 F.2d at 1181.

---

[3]     One of Mr. Garcia's primary arguments is that it was improper for the sentencing court to rely on a description of this undercover phone call from Mr. Hei to Mr. Garcia.  The essential facts of this phone call, however, were included in the factual basis of the indictment and thus admitted by Mr. Garcia.

In light of the sentencing court's virtually limitless prerogative to consider information known to it from a variety of sources, and in light of the admissions by Mr. Garcia detailed above, even if there was error in not requiring the government to make a formal evidentiary submission, it did not affect Mr. Garcia's substantial rights.

### D.  The Sentencing Court Adequately Considered the Relevant Sentencing Factors

Finally, Mr. Garcia asserts that the sentencing court failed to consider the factors outlined in the commentary to Section 3B1.1.  Specifically, Mr. Garcia points to the lack of any evidence pertaining to one of the factors:  whether he demanded a greater share of the profits.  There is no merit to this argument.

"[T]he commentary to this guideline does not mandate that sentencing courts expressly consider each and every factor listed therein, but rather, it merely encourages it."  *Torres*, 53 F.3d at 1143.  We have held that a defendant may be found to be a "leader" under Section 3B1.1(c) based "upon a mere showing 'that the defendant exercised any degree of direction or control over someone subordinate to him in the distribution scheme.'"  *Baez-Acuna*, 54 F.3d at 639 (quoting *United States v. Backas*, 901 F.2d 1528, 1530 (10th Cir. 1990)).  In light of the information contained in the investigative report and Mr. Garcia's own admissions based on the superseding indictment, there was ample evidence

indicating that he exercised control over Mr. Hei in the trafficking and distribution of the drugs at issue here.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge