**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JAN 29 2004**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee | No. 02-3058 |
| v. | (D. Kansas) |
| FRANCISCO BANDA, | (D.C. No. 00-CR-40126-02-RDR) |
| Defendant-Appellant | |

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

Francisco Banda pleaded guilty to conspiring with the intent to distribute

500 grams or more of methamphetamine, a violation of 21 U.S.C. § 841. After

overruling Mr. Banda's objections to the presentence report, the district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentenced him to 180 months' imprisonment. Mr. Banda now appeals that sentence.[**]

Upon review of the record, we conclude that the district court did not make sufficient findings for appellate review regarding Mr. Banda's specific objections to the presentence report, as required by Fed. R. Crim. P. 32(c)(1).[1] Accordingly, we remand this case for further findings.

## I. BACKGROUND

In December 2000, the government charged Mr. Banda and two other defendants, Adam Grabel Guzman and Michael Thomas Albers, with conspiring to distribute 500 grams of a mixture or substance containing methamphetamine, a violation of 21 U.S.C. § 846. The government also charged Mr. Banda and his co-defendants with several other counts of possessing methamphetamine and marijuana with the intent to distribute, violations of 21 U.S.C. § 841(a)(1). The

---

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1 (G). The case is therefore submitted without oral argument.

[1] As noted below, after Mr. Banda's original sentencing, Fed. R. Crim. P. 32(c)(1) was amended and renumbered. The requirement that the district court make findings regarding objections to the presentence report is now set forth in Fed. R. Crim. P. Rule 32(i)(3). See United States v. Treadway, 328 F.3d 878, 885 n.3 (6th Cir. 2003).

government subsequently filed a superseding indictment, and Mr. Banda pleaded guilty to the conspiracy count.

The presence report assigned Mr. Banda an offense level of thirty-eight and a criminal history category of III, thus arriving at a Guideline range of 292-365 months. In reaching this conclusion, the presentence report reviewed the conduct of Mr. Banda and other members of the charged conspiracies. See Rec. vol. IV, ¶¶ 25-67. The report determined that "the total amount of drugs attributable to [Mr. Banda] is 20,479.53 grams (20.48 kilograms) of methamphetamine and 165,341.18 grams (165.34 kilograms) of marijuana." Id. ¶ at 69. The report further explained that "[p]ursuant to Application Note 10 of USSG § 2D1.1, the probation office has converted the methamphetamine mixture and marijuana into their marijuana equivalent to obtain a single offense level for the offense." Id. The converted amount of marijuana was 41,070.32 kilograms. Id.

The report also concluded that Mr. Banda "held a position of trust as a manager or supervisor in the instant offense by holding the position of 'top lieutenant' for Adam Guzman and even assumed leadership of the conspiracy when Adam Guzman withdrew because of police suspicions and intervention." Id. at ¶ 78. That conclusion led the report to recommend a three-level increase in the offense level pursuant to USSG § 3B1.1(b). Id.

Mr. Banda filed a total of forty-two objections to the presentence report. See Rec. vol. I, docs 95, 98 (Objection to PSI and Supplemental Objections to PSI, filed July 31, 2001 and August 16, 2001). Many of his objections concerned the estimates of the quantities of drugs involved in the charged conspiracy. In some instances, Mr. Banda specifically contested the facts set forth in the report. For example, paragraph 64 of the presentence report stated that Mr. Banda would take "a couple pounds" of methamphetamine from Mr. Albers to give to Mr. Guzman. Mr. Banda responded that he had never taken more than half a pound. Similarly, paragraph 67 of the presentence report stated that Mr. Banda and Mr. Albers traveled to a house in Dodge City, Kansas where Mr. Albers picked up seventy-eight pounds of marijuana. Mr. Banda responded by admitting that Mr. Albers had picked up marijuana but stated that the quantity was only thirty pounds. See Aplt's Reply Br. at 3-4 (discussing Mr. Banda's objections); Aplt's Supl. Br. at 10-11 (same).

Mr. Banda also objected to the presentence report's characterization of him as a leader or organizer of the conspiracy. He stated that he "was never an organizer or leader. He was not involved to that extent, he was just a user trying to feed his own habit." Rec. vol. I, doc. 95, ¶ 31 (Objection to PSI, filed July 31, 2001).

At the sentencing hearing, the district court overruled Mr. Banda's objections. See Rec. vol III. (Tr. of Feb. 4, 2002 Hr'g., at 5-10). The court set forth its ruling in a subsequent memorandum and order. See Rec. doc. 142 (Mem. Op. and Order, filed Feb. 12, 2002).

The court ruled as follows:

> Most of [Mr. Banda's] objections raise factual disputes. The court has found only two that appear to raise a legal argument. The court has carefully considered the evidence concerning each of these objections, and we have determined that the statements contained in the presentence report accurately reflect the information provided by co-conspirators, law enforcement officers, and others. The court has found this information to be sufficiently reliable for sentencing purposes. Accordingly, the defendant's objections shall be denied.

> The court does wish to briefly comment on several of the objections. In objection nos. 4, 5, 9, 10 and 11, the defendant contend that the amount of methamphetamine considered in various parts of the presentence report should be reduced because the methamphetamine in question was a mixture, not pure methamphetamine. The probation office has noted that the various references to methamphetamine were mixtures, not pure methamphetamine. In calculating the weight of the drugs to be attributed to the defendant, the probation office has transformed the methamphetamine to marijuana using the formula for methamphetamine that is a mixture. In sum, the court finds no merit to any of these suggestions by the defendant concerning the methamphetamine. The probation office has correctly calculated the amount attributable to the defendant.

> The defendant has raised a number of objections indicating simply that some portion of the presentence

report is either factually incorrect or false. The court is not persuaded that the defendant has sufficiently demonstrated any of the facts contained in the presentence report are false or incorrect. The defendant has not offered any evidence to support his contentions. The court finds that the evidence in the record sufficiently supports the findings contained in the report. Moreover, this evidence has the minimal indicia of reliability necessary for sentencing purposes.

[Mr. Banda] has raised one objection concerning a legal conclusion made in the presentence report. He contends that his offense level should not be enhanced by three levels as an organizer and leader. . . .

. . . .

The evidence before the court clearly indicates that [Mr. Banda] was a leader and organizer of this conspiracy. The evidence shows that [Mr. Banda] was the leader of the conspiracy while Adam Guzman was incarcerated. There is also evidence that during other periods the defendant exercised significant control over others in the conspiracy. He controlled the monies generated by the conspiracy and he directed the distribution of the narcotics. In sum, this objection shall be denied.

The defendant has also contended that his relevant conduct should not be enhanced by the self-serving statements of his co-conspirators.

. . . The Tenth Circuit has rejected the suggestion that the testimony of an accomplice should seldom, if ever, be believed. . . .

The court is confident that the information provided by the defendant's co-conspirators possesses a sufficient indicia of reliability. The court finds no error in the presentence report's reliance upon these statements.

Id. at 1-6 (citations and internal quotation marks omitted).

After overruling his objections, the district court sentenced Mr. Banda to a 180-month term of imprisonment, based upon an offense level of thirty-eight and a criminal history category of III. Pursuant to USSG § 5K1.1, the court departed downward from the Guideline range because Mr. Banda had provided substantial assistance to the prosecution.

Mr. Banda then challenged his sentence on appeal. His assigned counsel filed a brief pursuant Anders v. California, 386 U.S. 738 (1967), stating that Mr. Banda sought to contest the district court's determination of the drug quantities for which Mr. Banda could be held responsible as well as the court's refusal to depart downward to a greater extent. In August 2002, this court affirmed Mr. Banda's sentence in an unpublished order. We noted that although we lacked jurisdiction to review the extent of departure, we did have jurisdiction to review the determination of drug quantity. However, we further concluded that the evidence relied on by the district court possessed sufficient indicia of reliability.

Mr. Banda then filed a pro se petition for rehearing. This court granted the motion, recalled the mandate, reopened the appeal, and appointed the Federal Public Defender to submit supplemental briefs on behalf of Mr. Banda.

## II. DISCUSSION

In his pro se brief, Mr. Banda argues that the district court erred in applying the three-level increase in the offense level under USSG § 3B1.1(b) on the grounds that he served as a leader of the charged conspiracy. Mr. Banda also challenges the district court's downward departure, arguing that the cooperation with prosecutors in the Western District of Missouri warranted a more extensive departure. In supplemental briefs, the Federal Public Defender argues that the district court failed to comply with Fed. R. Crim. P. 32(c)(1) by failing to make specific findings as to Mr. Banda's objections. We begin with the Federal Public Defender's challenges and then proceed to the arguments that Mr. Banda has raised pro se.

### A. Failure to Make Findings Regarding Objections to the Presentence Report

At the time of Mr. Banda's sentencing, Rule 32(c)(1) provided that "[a]t the sentencing hearing . . . [f]or each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Fed. R. Crim. P. 32(c)(1); see generally United States v. Pedraza, 27 F.3d 1515, 1531 (10th Cir. 1994) (discussing Rule 32(c)(1),which was formerly numbered Rule 32(c)(3)(D)). The Federal Public Defender contends that by

merely adopting the presentence report, the district court failed to comply with Rule 32(c)(1) and that, as a result, this court must remand the case to the district court so that it can make the required findings.[2]  We engage in de novo review of the district court's compliance with the Federal Rules of Criminal Procedure. United States v. Kravchuk, 335 F.3d 1147, 1160 (10th Cir. 2003).

Applying Fed. R. Crim. P. 32(c)(1), this circuit "has repeatedly held that a District Court may not satisfy its obligation by simply adopting the presentence report as its finding."  United States v. Guzman, 318 F.3d 1191, 1198 (10th Cir.

---

[2]  On December 1, 2002 (after the district court sentenced Mr. Banda and after he had filed a notice of appeal), amendments to the Federal Rules of Criminal Procedure replaced Rule 32(c)(1) with Rule 32(i)(3).  Rule 32(i)(3)(B) states that "for any disputed portion of the presentence report or other controverted matter" during sentencing, the court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."  Fed. R. Crim. P. 32(i)(3) (2003).  "This new rule attempts to eliminate confusion over whether courts were required to make rulings on every objection to the PSR or only those that have the potential to affect the sentence."  United States v. Darwich, 337 F.3d 645, 666 (6th Cir. 2003) (citing Fed. R. Crim. P. 32 (i)(3) advisory committee's notes).  "The new rule makes clear that controverted matters at sentencing only require a ruling if the disputed matter will affect the eventual sentence."  Id.  Additionally, "[t]he new rule's clarity is designed to 'narrow [ ] the requirement for court findings to those instances when the objection addresses a controverted matter.'"  Treadway, 328 F.3d 878 at 885 n.3 (6th Cir. 2003) (citing Fed. R. Crim. P. 32(i)(3) advisory committee's notes).

Both versions of the rule impose substantially the same obligations upon the sentencing court.  See Darwich, 337 F.3d at 666 (stating that "[p]rior to these revisions, we already had interpreted the rule in a manner consistent with Rule 32(i)(3)'s recent clarification").  Our analysis thus applies to the version of the rule in effect at the time of Mr. Banda's sentence, Fed. R. Crim. P.32(c)(1), and the current version of the rule, Fed. R. Crim. P. 32(i)(3).

2003); Pedraza, 27 F.3d at 1530-31 ("When faced with specific allegations of factual inaccuracy [in the presentence report] by the defendant, the court cannot . . . simply stat[e] that it adopts the factual findings and guideline application in the presentence report. If the district court fails to comply with [the rule], we must remand for the court to either make the necessary findings and attach them to the presentence report, or enter a declaration that it did not take the controverted matters into account in sentencing the defendant.") (citations omitted).[3]

Here, Mr. Banda contends that with respect both to his objections to the determination of drug quantity and to his classification as a leader or organizer of the charged conspiracy pursuant to USSG § 3B1.1, the district court merely adopted the conclusions of the presentence report without making its own findings, thereby failing to comply with Fed. R. Crim. P. 32 (c)(1). In response,

---

[3]    For example, in Guzman, the district court set forth the following conclusion regarding the defendant's objections to the presentence report:

> The presentence report writer reviewed the police reports and the information asserted in defendant's objection. He determined that the police reports were supported by an objective witness . . . .He found the reports more credible than the claims of defendant and defendant's wife. We believe a preponderance of the evidence supports the conclusion of the presentence report writer. Accordingly, the court denies the objection to the presentence report.

Guzman, 318 F.3d at 1197. We concluded that these district court findings were not sufficient to comply with Fed. R. Civ. P. 32(c)(1). See id. at 1198.

the government argues that Mr. Banda made "only the most general allegations of factual inconsistencies." Aple's Supl. Br. at 6. The government cites cases indicating that "[t]o successfully invoke the fact-finding obligation of Rule 32(c)(1), the defendant must make 'specific allegations of factual inaccuracy.'" See id. at 5-6 (citing United States v. Garcia, 24 Fed. Appx. 872, 876 (10th Cir. Nov. 2001)).

Upon review of Mr. Banda's objections to the presentence report's determination of drug quantity, we conclude that Mr. Banda contested certain of the stated facts with the specificity necessary to trigger the district court's fact-finding obligations under Rule 32(c)(1). In particular, in objections 3-7, 10-12, 14-15, and 17-29, see Rec. vol. I, doc. 95 (Objection to PSI, filed July 31, 2001), and in supplemental objections 3-7, see Rec. doc. 98 (Supplemental Objections to PSI,, filed Aug. 16, 2001), Mr. Banda disputed specific facts set forth in the presentence report. Most of the disputed facts concern the amount of drugs involved and the degree of Mr. Banda's participation in various aspects of the charged conspiracy. However, although the district court commented on some of Mr. Banda's objections, the court did not rule on all them. Accordingly, the court's adoption of the presentence report is insufficient to comply with the court's fact-finding obligations. See Guzman, 318 F.3d at 1197-98; United States v. Jones, 168 F.3d 1217, 1221-22 (10th Cir. 1999) (remanding for further findings when the district court "summarily overruled Defendant's objections"); Pedraza,

27 F.3d at 1530 (remanding for resentencing when the district court failed to make "written findings as to each allegation [of factual inaccuracies in the presentence report]"). We must therefore remand this case to the district court so it may rule on Mr. Banda's specific objections or "determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

However, as to Mr. Banda's objections to his characterization as a leader or organizer under USSG § 3B1.1, the district court did make findings.[4] The court stated that "[t]he evidence before the court clearly indicates that [Mr. Banda] was a leader and organizer of this conspiracy," see Rec. doc. 142 at 4, and it proceeded to summarize the extent of Mr. Banda's involvement. Here, then, the district court did comply with the governing rules.

---

[4] Section 3 B1.1 provides:

Based on the defendant's role in the offense, increase the offense level as follows:

> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

Nevertheless, as Mr. Banda further argues, the district court's finding regarding USSG § 3B1.1 is deficient in another respect. The presentence report concluded that Mr. Banda "held a position of trust as a manager or supervisor . . . by holding the position of 'top lieutenant' for Adam Guzman," Rec. vol IV, ¶ 78, and recommended a three-level increase in the offense level pursuant to USSG § 3B1.1(b). Based in part on that conclusion, the presentence report recommended a total offense level of thirty-eight. However, in its written findings overruling Mr. Banda's objection, the district court cited USSG § 3B1.1(c), which authorizes only a two-level increase in the offense level. That citation is inconsistent with the court's use of the presentence report's recommended total offense level of thirty-eight. Accordingly, on remand the district court should also clarify its finding regarding the proper adjustment in the offense level pursuant to USSG § 3B1.1.

### B. Departure For Substantial Assistance under USSG 5K1.1

In his pro se brief, Mr. Banda also argues that the district court should have departed to a greater extent under USSG § 5K1.1, which provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." Unless the district court misunderstood its authority to depart, we lack jurisdiction to review

such a departure decision. See United States v. Busekros, 264 F.3d 1158, 1159 (10th Cir. 2001).

Here, the record indicates that the district court understood its authority to depart and did depart downward, although not to the extent that Mr. Banda would have preferred. As a result, we lack jurisdiction to review this decision.

## III. CONCLUSION

Accordingly, for the reasons set forth above, we REMAND this case for factual findings on the following objections to the presentence report: 3-7, 10-12,14-15, and 17-29, as well as the following supplemental objections: 3-7, and for further proceedings that may be warranted by those findings. The district court should either make findings as to the facts disputed in these objections or "determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). On remand, the district court should also clarify the court's ruling regarding the increase in the offense level pursuant to USSG § 3B1.1. We DISMISS Mr. Banda's challenge to the degree of downward departure pursuant to USSG § 5K1.1.

Entered for the Court,

Robert H. Henry
Circuit Judge

-14-