**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 21, 2005**

**TENTH CIRCUIT**

**Clerk of Court**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WILLIAM T. SMITH,

      Defendant - Appellant.

No. 05-3252
(D.C. No. 04-CR-20043-01-CM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

William Smith pleaded guilty to possession of heroin with intent to distribute and to being an inmate in possession of heroin. The district court sentenced him as a career offender to 151 months in prison. Mr. Smith appeals, claiming both that the district court erred in classifying him as a career offender and that the resulting sentence was unreasonably long. We affirm.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. BACKGROUND

While an inmate at a Kansas federal prison, Mr. Smith persuaded an acquaintance to bring him a package that had been anonymously mailed to her. An officer spotted the exchange and confiscated the package, which turned out to contain small balloons filled with heroin. Mr. Smith pleaded guilty to possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and to being an inmate in possession of a prohibited object (heroin), in violation of 18 U.S.C. § 1791(a)(2). Mr. Smith also stipulated to the following criminal history facts: on August 20, 1986, he was convicted in California state court of attempted robbery, and on June 13, 1988, he was convicted in a California federal court of felony armed bank robbery.

The presentence report concluded that, due to these prior convictions, Mr. Smith was a "career offender." See U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 (2001). Mr. Smith objected to this designation. He further argued that even if he were a career offender, a sentence in the Guidelines range of 151 to 188 months would be unreasonable, especially in light of a Sentencing Commission publication which, he claims, "identifies the career offender provision as a sentencing rule that disproportionately impacts a particular offender group [African Americans] but serves no clear sentencing purpose."

At Mr. Smith's sentencing hearing, the district court overruled his objections and sentenced him as a career offender. The court imposed a sentence at the low end of the Guidelines range, 151 months, for the first count and a sentence of 120 months — the statutory maximum — for the second count, to be served concurrently. Mr. Smith timely appealed his sentence.

## II. DISCUSSION

### A. Designation as a career offender.

On appeal, Mr. Smith continues to object to the determination that he is a career offender.

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. Mr. Smith does not dispute that his current conviction is for a felony controlled substance offense and that he was at least eighteen years old when he committed the offense. He also apparently concedes that both his 1986 and 1988 convictions were for felony crimes of violence.

However, Mr. Smith challenges use of the 1986 conviction in classifying him as a career offender. Section 4A1.2(e) and Application Note 4 to section 4B1.2 of the Guidelines, when read together, specify that a conviction can only be counted for purposes of determining career offender status if the defendant was

incarcerated (*i.e.*, in jail or prison) for that conviction at some point during the fifteen years immediately preceding the current offense. Mr. Smith's current offense occurred on August 25, 2002. Thus, his 1986 conviction could only be used to designate him a career offender if he was incarcerated for that conviction on or after August 25, 1987. The presentence report noted that Mr. Smith was released on parole for the 1986 conviction on July 19, 1987 — outside the fifteen-year period. However, the presentence report also stated that Mr. Smith's parole was revoked on March 3, 1988 and that he was re-incarcerated until February 3, 1989 — within the fifteen-year period. Mr. Smith argues on appeal that the revocation of his parole was not sufficiently proven and that the 1986 conviction therefore cannot be used to classify him as a career criminal.

### 1. Sixth Amendment claim

Mr. Smith first claims that the government was required to prove his parole revocation beyond a reasonable doubt because it was used to enhance his sentence. He argues that the "prior conviction" exception to proof beyond a reasonable doubt, see Almendarez-Torres v. United States, 523 U.S. 224 (1998), should be read narrowly "to apply only to facts established by the record of conviction." Because his parole revocation was not "established by the record of conviction," he argues that it violated the Sixth Amendment to enhance his sentence based on that fact when it was not proven beyond a reasonable doubt.

This argument is without merit. Guideline sentencing facts only need to be found beyond a reasonable doubt when the Guidelines are applied mandatorily. See United States v. Gonzalez-Huerta, 403 F.3d 727, 731 (10th Cir.) (en banc) ("*[M]andatory* application of the Guidelines violates the Sixth Amendment when judge-found facts . . . are employed to enhance a sentence.") (emphasis added), cert. denied, 126 S. Ct. 495 (2005). Here, the district court sentenced Mr. Smith after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) (striking down the provisions that made application of the Guidelines mandatory), and so treated the Guidelines "only as discretionary." Therefore, even assuming that the fact of parole revocation falls outside the Almendarez-Torres exception — an issue we do not address — Mr. Smith did not have a right to have that fact found beyond a reasonable doubt. See United States v. Magallanez, 408 F.3d 672, 685 (10th Cir.) ("[After Booker,] district courts are still required to consider Guideline ranges, which are determined through application of the preponderance standard, just as they were before.") (citation omitted), cert. denied, 126 S. Ct. 468 (2005).

### 2. Lack of sufficient proof claim

Mr. Smith argues in the alternative that the 1986 conviction should not be counted because the government did not even prove by a preponderance of the evidence that his parole was properly revoked. We reject this argument.

Nowhere does Mr. Smith ever assert that his parole was *not* actually revoked or that he was *not* incarcerated for the 1986 conviction after August 25, 1987. Rather, he speaks in terms of "if . . . then" and argues only that the government has not met its burden of proof.[1] Citing to a Ninth Circuit case, Mr. Smith asserts that because the government did not sufficiently prove that he received due process in the revocation of his parole, the 1986 conviction should not count toward determining career offender status. See United States v. Ramirez, 347 F.3d 792 (9th Cir. 2003).[2]

However, where a defendant fails to make "specific allegations of factual inaccuracy" in the presentence report, United States v. Pedraza, 27 F.3d 1515, 1530 (10th Cir. 1994), the district court is not even required to make findings as to that issue under Rule 32. See United States v. Garcia, 24 F. App'x 872, 876

---

[1]"*If proven*, [the parole revocation] would add eleven months to the period of imprisonment bringing it within the fifteen year period"; "*If* Mr. Smith's parole was not revoked . . . or *if* it was not properly revoked, then [the 1986] conviction would not count and Mr. Smith would not be a career offender"; "there is not enough evidence in the record to demonstrate that Mr. Smith was accorded due process in the possible revocation of his parole."

[2]The Ramirez court concluded that before a court can find constructive parole revocation for federal sentencing purposes where under state law there was no revocation, "there must be, at minimum" a showing that there was "(1) a formal finding that a probationer or parolee has committed a violation and (2) a determination that the violation was serious enough to warrant reimposing the probationer's or parolee's original sentence." 347 F.3d at 800. Because we determine that Mr. Smith has not properly objected to the presentence report, we need not decide whether to extend the Ramirez court's analysis to this case.

(10th Cir. Nov. 21, 2001) (unpublished) ("To successfully invoke the fact-finding obligation of Rule 32(c)(1), the defendant must make specific allegations of factual inaccuracy.") (quotation omitted); see also United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) ("A mere objection to the finding in the presentence report is not sufficient. The defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate."); id. ("Without an affirmative showing the information is inaccurate, the court is 'free to adopt the findings of the [presentence report] without more specific inquiry or explanation.'") (quoting United States v. Mueller, 902 F.2d 336, 346 (5th Cir. 1990)).  Because Mr. Smith failed to make *any* allegations of factual inaccuracy, we therefore conclude that the district court properly accepted the findings from the presentence report.

**B.  Reasonableness of the sentence.**

Finally, Mr. Smith argues that his 151-month sentence was "greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2)."  He claims that the district court failed to properly consider the § 3553(a) factors because it "did not consider any of the mitigating evidence which was presented by the defense."  He also claims that the Sentencing Commission's recent report

discussing career offenders shows that his sentence was "greater than necessary to achieve the purposes of sentencing."

Post-Booker, sentencing courts "must consider the Guidelines in addition to other sentencing factors, but they are not required to impose a sentence within the applicable Guidelines range, and sentences will be reviewed for reasonableness." United States v. Hauk, 412 F.3d 1179, 1193 (10th Cir. 2005) (citation omitted). We conclude that the sentence imposed by the district court was reasonable.

Mr. Smith is mistaken in claiming that the district court did not consider the mitigating evidence that he presented. To the contrary, the court explicitly stated that in sentencing Mr. Smith it considered: the testimony of Mr. Smith's character witnesses, the Sentencing Commission report, the arguments in Mr. Smith's sentencing memoranda, and "the nature of defendant's criminal conduct as well as [his] background and personal characteristics, including [his] criminal history and lack of conduct violations since the instant offense occurred." We cannot say that the district court's consideration of these factors was improper or unreasonable. Furthermore, our conclusion is unaffected by the report from the Sentencing Commission; the district court properly considered that report and we cannot say that the resulting sentence was unreasonable.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge