United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 14, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40966
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ROBERTO GOMEZ-VARGAS,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-464-ALL
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Roberto Gomez-Vargas is appealing his sentence imposed following his guilty plea conviction for attempted illegal reentry into the United States following deportation.  Gomez Vargas was sentenced to 77 months' imprisonment to be followed by a three-year term of supervised release.

    Gomez-Vargas argues that the district court plainly erred in enhancing his offense level based on his prior conviction for a crime of violence.  The Government argues that Gomez-Vargas may

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have waived his right to complain because he did not file any objections to the presentence report. The record does not reflect that Gomez-Vargas intentionally relinquished his right to object to the enhancement based on his prior conviction and, thus, he has not waived his right to plain error review. United States v. Musquiz, 45 F.3d 927, 931 (5th Cir. 1995).

Gomez argues that his aggravated battery offense did not necessarily require proof of an element involving the intentional use or threatened use of physical force against a person and, thus, it is not a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A). The sixteen-level enhancement is to be made only if the prior offense is a violation of a statute that requires as proof an element of "the use, attempted use, or threatened use of physical force against the person of another." Calderon, ___ F.3d ___, No. 02-20331, 2004 WL 1888407 at *1 (5th Cir. Aug. 24, 2004). The Illinois aggravated battery statute provides for the commission of the offense in a number of different ways, some of which do not require the use of physical force against a person. See 720 ILCS 5/12-4 (a-d). The record contains no evidence of the factual basis supporting Gomez-Vargas' conviction for aggravated battery. However, even if physical force was used against a person, the enhancement constituted plain error because the Illinois statute did not require the use of such force to be proved as an element of the offense. Calderon, 2004 WL 1888407 at *1; United States v.

Gracia-Cantu, 302 F.3d 308, 313 (5th Cir. 2002). The sentence imposed is VACATED and the case is REMANDED for resentencing in accord with this opinion.

Gomez-Vargas acknowledges that his argument that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are unconstitutional is foreclosed by prior precedent. See United States v. Hernandez-Avalos, 251 F.3d 505, 507 & n.1 (5th Cir. 2001). Thus, his conviction is AFFIRMED.

Gomez argues that the judgment should be corrected under FED. R. CRIM. P. 36 because it reflects that he was convicted of reentry of a deported alien when he actually pleaded guilty to the attempted illegal reentry into the United States following deportation. The Government does not oppose this request. Gomez was charged with attempting to enter into the United States. Therefore, the district court is ORDERED to AMEND the judgment to reflect the actual offense of conviction.

CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING AND AMENDMENT OF JUDGMENT.

EMILIO M. GARZA, Circuit Judge, dissenting in part:

For the reasons expressed in my dissents in <u>Vargas-Duran</u>, <u>Sarmiento-Funes</u> and <u>Calderon-Pena</u>, I continue to believe that <u>Vargas-Duran</u>, <u>Sarmiento-Funes</u> and <u>Calderon-Pena</u> were wrongly decided.  <u>See</u> <u>United States v. Vargas-Duran</u>, 356 F.3d 598, 610-16 (5th Cir. 2004) (Garza, J. dissenting); <u>United States v. Calderon-Pena</u>, ___ F.3d ___, No. 02-20331, 2004 WL 1888407 (5th Cir. Aug. 24, 2004) (Garza, J. dissenting) <u>United States v. Sarmiento-Funes</u>, 374 F.3d 336, 346-47 (5th Cir. 2004) (Garza, J. dissenting).