**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GERARDO CERECERES-ZAVALA,

    Defendant-Appellant.

No. 05-2191

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-04-393 JC)**

---

Marcia J. Milner, Las Cruces, New Mexico, for the Defendant-Appellant.

Terri J. Abernathy, Assistant United States Attorney (David C. Iglesias, United States Attorney, with her on the brief), Las Cruces, New Mexico, for the Plaintiff-Appellee.

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

Defendant-Appellant Gerardo Cereceres-Zavala ("Cereceres") was convicted of illegal reentry after having been previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326 and was sentenced to 57

months' imprisonment.* He now appeals the imposition of his sentence, alleging that the district court improperly relied upon contested statements in Cereceres's presentencing report ("PSR") and failed to consider the sentencing factors of 18 U.S.C. § 3553 in denying him a downward departure. We take jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and AFFIRM.

## BACKGROUND

In 1998, Cereceres pled guilty in a Texas district court to "engaging in organized criminal activity - aggravated assault" in violation of Texas Penal Code § 71.02. Cereceres had been indicted on one count of engaging in organized criminal activity and a second, separate count of aggravated assault stemming from an incident in which Cereceres allegedly "[did] intentionally, knowingly, and recklessly cause bodily injury to Daniel Avalos by stabbing [him] with a knife." The aggravated assault charge was dismissed prior to entry of Cereceres's guilty plea. However, a conviction for "engaging in organized criminal activity" under the Texas statute requires that the defendant "commit[ted] or conspire[d] to commit one of the following" listed offenses including, inter alia, aggravated assault. TEX. PENAL CODE § 71.02(a) (Vernon 2006). After his conviction,

---

*After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Cereceres was deported, illegally reentered the United States, and was rearrested and charged with the instant offense.

Rather than stand trial, Cereceres pled guilty to illegal reentry following a prior conviction in violation of 8 U.S.C. § 1326(a)(1) and (b)(2). Cereceres's PSR recommended an enhancement of 16 levels above the base level of 8, because his prior Texas conviction was for "a crime of violence" under United States Sentencing Guidelines ("USSG") § 2L1.2(b)(1)(A). After application of a three-level reduction for acceptance of responsibility under USSG § 3E1.1, Cereceres's total offense level was 21. Combined with a criminal history category of IV, the appropriate Guidelines range, according to the PSR, was between 57 and 71 months.

Prior to the imposition of sentence, Cereceres filed two motions, each styled as a "Motion for Downward Departure." In the first, Cereceres objected to the PSR's calculation of his criminal history category, asserting that category IV overrepresented the seriousness of his criminal history.[1] In the second, and also in his sentencing memorandum, Cereceres objected to the sixteen-level

---

[1] In his brief, Cereceres asserts that the basis of this motion was that the PSR's assessment of two criminal history points for a misdemeanor DWI conviction was unjustified and that the motion requested a departure from category IV to category III. However, the motion itself requested a departure to category II and stated no rationale for the requested departure other than the defendant's own belief that his history was not sufficiently serious to warrant that categorization and a bare reference to USSG § 4A1.3.

enhancement based on his Texas conviction, arguing that the crime did not meet the definition of a "crime of violence" under 18 U.S.C. § 16.

At the sentencing hearing, the district court first asked defense counsel whether she "had an opportunity to review the presentence report with [her] client," to which defense counsel responded "Yes, Your Honor." The court then asked if there was anything in the PSR which defense counsel wanted to call to the court's attention. Defense counsel stated in response: "No, Your Honor, other than I did file a sentencing memorandum. I have nothing more to add than what's in the memorandum, Your Honor." The court did not respond directly to defense counsel, instead asking the defendant if he wished to make a statement. The district court then announced that it would impose a sentence falling within the Guidelines range:

> The Court adopts the presentence report factual findings and guideline applications. The offense level is 21. The criminal history category is IV. The guideline imprisonment range is 57 to 71 months. The Court notes the defendant illegally reentered the United States subsequent to a conviction for an aggravated felony. As to the information, Criminal Cause 04-393, the defendant, Gerardo Cereceres-Zavala, is committed to the custody of the Bureau of Prisons for a term of 57 months.

The district court never mentioned or ruled expressly on either of Cereceres's motions for downward departure, nor did Cereceres or his counsel object at the sentencing hearing to this omission. This appeal timely followed.

# DISCUSSION

Cereceres asserts two grounds that, in his view, require remand to the district court for resentencing. First, he finds error in the district court's failure to attach factual findings to his PSR under Federal Rule of Criminal Procedure 32(i)(3) resolving the controversy whether his Texas conviction was for "a crime of violence." Second, he faults the district court's failure to analyze on the record the statutory factors of 18 U.S.C. § 3553(a) when considering his request for a downward departure. We disagree on both points.

## I. Necessity of Rule 32 Findings

Rule 32(i)(3)(B) requires that, at sentencing, a court must, "for any disputed portion of the presentence report or other controverted matter," attach to the PSR findings of fact addressing the controverted matter or determine that such findings are unnecessary "either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." FED. R. CRIM. P. 32(i)(3)(B). "If the district court fails to comply with Rule 32[(i)(3)(B)], we must remand for the court to either make the necessary findings . . . or enter a declaration that it did not take the controverted matters into account in sentencing the defendant." United States v. Pedraza, 27 F.3d 1515, 1530-31 (10th Cir. 1994). We review de novo the district court's compliance with the Federal Rules of Criminal Procedure. United States v. Kravchuk, 335 F.3d 1147, 1160 (10th Cir. 2003).

Our cases have repeatedly held that a defendant's attempt to controvert legal determinations–or even ultimate factual conclusions–drawn in a PSR "does not implicate" the district court's fact-finding obligations under Rule 32. United States v. Tovar, 27 F.3d 497, 500 (10th Cir. 1994). "Rule 32 is not a vehicle for advancing legal challenges to sentencing," and the district court is "not obligated to make Rule 32[(i)(3)(B)] findings" where "the issues the defendant raises . . . do not involve factual inaccuracies in the report but, rather, legal objections to the district court's determination of his sentence." United States v. Furman, 112 F.3d 435, 440 (10th Cir. 1997). "Arguments that 'challenge[] the district court's application of the guidelines to the facts and not the facts themselves' do not trigger any obligation on the part of the district court to make specific findings." United States v. Rodriguez-Delma, 456 F.3d 1246, 1253 (10th Cir. 2006), cert. denied, 127 S.Ct. 1338 (2007) (quoting United States v. Windle, 74 F.3d 997, 1002 (10th Cir. 1996)). Rather, "to invoke the district court's Rule 32 fact-finding obligation, the defendant is required to make specific allegations of factual inaccuracy." Id. (citing United States v. Murray, 82 F.3d 361, 363 (10th Cir. 1996)).

We note that virtually all of these cases upon which we rely have considered one of two predecessor versions of the current Rule 32(i)(3)(B). E.g., Tovar, 27 F.3d at 499-500 (addressing Rule 32(c)(3)(D), in effect from 1983 to 1994); Pedraza, 27 F.3d at 1530 (same); Furman, 112 F.3d at 439-40 (same);

Windle, 74 F.3d at 1002 (considering Rule 32(c)(1), in effect from 1994 to 2002).

Our cases applying the version of Rule 32(i)(3)(B) after the final 2002

amendments have continued to state that the rule requires a defendant to point out

factual inaccuracies in the presentence report.  See, e.g., Rodriguez-Delma, 456

F.3d at 1253; United States v. Harris, 447 F.3d 1300, 1306 (10th Cir. 2006);

United States v. Wolfe, 435 F.3d 1289, 1299 (10th Cir. 2006).  None of our cases

since the 2002 amendments has acknowledged or analyzed the differences in the

language of Rule 32 introduced by these amendments.[2]  It could be argued that the

---

[2]The 1994 and 2002 amendments altered the language of the relevant
provision that only allegations of specific factual inaccuracies require a district
court to make its own factual findings.  Rule 32(c)(3)(D), in effect from 1983
until the 1994 amendment, provided that:

> If the comments of the defendant and the defendant's counsel or
> testimony or other information introduced by them *allege any factual
> inaccuracy* in the presentence investigation report or the summary of
> the report or part thereof, the court shall, *as to each matter
> controverted*, make (i) a finding as to the allegation, or (ii) a
> determination that no such finding is necessary because the matter
> controverted will not be taken into account in sentencing.

FED. R. CRIM. P. 32(c)(3)(D) (1994) (quoted in Pedraza, 27 F.3d at 1530;
emphases added).  In contrast, the relevant rule after the 1994 amendments, Rule
32(c)(1), provided:

> *For each matter controverted*, the court must make either a finding on
> the allegation or a determination that no finding is necessary because
> the controverted matter will not be taken into account in, or will not
> affect, sentencing.

FED. R. CRIM. P. 32(c)(1) (2002) (quoted in Windle, 74 F.3d at 1002; emphasis
added).  Finally, after the significant reorganization of the 2002 amendments, the
relevant rule was renumbered as Rule 32(i)(3) and now provides:

> At sentencing, the court: (A) may accept any undisputed portion of the
> presentence report as a finding of fact; (B) must – *for any disputed*

(continued...)

- 7 -

1994 amendment's elimination of the relevant language from Rule 32(c)(3)(D) equating allegations of factual inaccuracy with "matter[s] controverted" indicated an intention by the Advisory Committee to broaden the scope of objections to a PSR that require the district court to respond by making findings and attaching them to the PSR.

Nevertheless, neither the Advisory Committee commentary to the amendments nor our cases interpreting the subsequent versions of Rule 32 support such an interpretation. See FED. R. CRIM. P. 32 (Advisory Committee's note for 1994 Amendments) ("Subdivision (c) [including the revised subsection (c)(1)] . . . makes no major changes in current practice."); id. (Advisory Committee's note for 2002 Amendments) ("These changes are intended to be stylistic only, except as noted . . . ."); see also Rodriguez-Delma, 456 F.3d at 1253; Windle, 74 F.3d at 1002 (implicitly limiting "matter controverted" under Rule 32(c)(1) to factual challenges and rejecting a challenge under Rule 32(c)(1) to the district court's application of the sentencing guidelines to undisputed facts); United States v. Banda, 87 Fed. App'x 129, 133 & n.2 (10th Cir. 2004) (unpublished) (noting the

---

[2](...continued)
*portion of the presentence report or other controverted matter* – rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.
FED. R. CRIM. P. 32(i)(3) (2007) (emphasis added).

intended *narrowing* effect of the 2002 amendments and determining that both former Rule 32(c)(1) and current Rule 32(i)(3)(B) "impose substantially the same obligations upon the sentencing court"). Our sister circuits have continued to apply the various iterations of Rule 32 to require the defendant to make challenges to factual inaccuracies in the presentence report. See United States v. Duckro, 466 F.3d 438, 449 (6th Cir. 2006); United States v. Saxena, 229 F.3d 1, 11 (1st Cir. 2000); United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999). But compare United States v. Cureton, 89 F.3d 469, 473 (7th Cir. 1996) ("[I]nstead of expressly limiting itself to objections of factual inaccuracies, Rule 32(c)(1)'s use of 'matter controverted' refers to all of the defendant's objections to the presentence report under Rule 32(b)(6)(B)."), with United States v. Cunningham, 429 F.3d 673, 678-79 (7th Cir. 2005) ("[Rule 32(i)(3)(B)] may be limited to factual disputes. The cases so assume, without so stating outright. . . . We hesitate to read the rule so broadly that the judge is obliged to address every argument that a defendant makes at the sentencing hearing."). Moreover, both recent academic commentary and venerable practice guides also recognize the continuing limitation of Rule 32(i)(3)(B) to factual controversies. See 3 Charles Alan Wright et al., Federal Practice & Procedure § 524.1 (2006); Hon. Gregory W. Carman & Tamar Harutunian, Fairness at the Time of Sentencing: The Accuracy of the Presentence Report, 78 ST. JOHN'S L. REV. 1, 10 n.61 (2004). Accordingly, we take this opportunity to clarify the operative scope of Rule 32 by

stating unequivocally that, under each version of the rule, "to invoke the district court's Rule 32 fact-finding obligation, the defendant is required to make specific allegations of factual inaccuracy." Rodriguez-Delma, 456 F.3d at 1253.

Cereceres has made no such specific allegations of factual inaccuracy concerning his PSR. Instead, he attempts to controvert its characterization of his Texas conviction as a crime of violence. The characterization of a conviction as a crime of violence, however, is a question of law, not of fact.[3] United States v.

---

[3]Cereceres does not directly challenge in this appeal the characterization of his Texas conviction as a "crime of violence," and for good reason. "[W]hen determining whether a prior conviction resulting from a guilty plea is a violent felony, a court is limited to an examination of the language of the statute of conviction, and, if it is ambiguous, 'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant . . . , or to some comparable judicial record of this information.'" United States v. Perez-Vargas, 414 F.3d 1282, 1284 (10th Cir. 2005) (quoting Shepard v. United States, 544 U.S. 13, 26 (2005)). Section 71.02 of the Texas Penal Code, under which Cereceres was convicted in 1998, is ambiguous in this respect, because it punishes commission of a wide range of offenses as part of a combination or criminal street gang, some of which unequivocally are crimes of violence (e.g., murder) and some of which likely are not (e.g., "unlawful wholesale promotion or possession of any obscene material"). See TEX. PENAL CODE § 71.02 (Vernon 2006). One of the many possible predicate offenses is aggravated assault. Id. § 71.02(a)(1). This was the related charge for which Cereceres was indicted and the facts of which formed the predicate for the § 71.02 charge to which Cereceres pleaded guilty. The commentary to USSG § 2L1.2, which governs sentencing for violations of 8 U.S.C. § 1326, defines a "crime of violence" as consisting of, among other acts, aggravated assault. USSG § 2L1.2 cmt n.1(B)(iii). As we have previously noted, "the[se] enumerated offenses are always classified as 'crimes of violence.'" United States v. Munguia-Sanchez, 365 F.3d 877, 881 (10th Cir. 2004). Thus, there was no error in the district court's determination that a violation of § 71.02 constituted a "crime of violence" for purposes of the § 2L1.2 calculation where that conviction is predicated, as was Cereceres's, on an

(continued...)

Austin, 426 F.3d 1266, 1270 (10th Cir. 2005), cert. denied, 546 U.S. 1194 (2006); see United States v. Munro, 394 F.3d 865, 870 (10th Cir. 2005) ("We review de novo the district court's legal conclusion that a violation of 18 U.S.C. § 2422(b) is a crime of violence."). Because Cereceres challenged only this legal conclusion, rather than disputing factual inaccuracies in the PSR, the district court was not required to make Rule 32(i)(3)(B) findings with respect to Cereceres's contentions. See Furman, 112 F.3d at 440.

## II. Procedural reasonableness and 18 U.S.C. § 3553(c)

After United States v. Booker, 543 U.S. 220 (2005), in which the Supreme Court struck down the mandatory application of the United States Sentencing Guidelines as a violation of the Sixth Amendment, "we review sentences imposed by the district court for reasonableness." United States v. Jarrillo-Luna, 478 F.3d 1226, 1228 (10th Cir. 2007). Reasonableness review inquires "whether the district court correctly applied the Guidelines and whether the ultimate sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Sanchez-Juarez, 446 F.3d 1109, 1114 (10th Cir. 2006). This review "necessarily encompasses both the reasonableness of the length of the sentence, as well as the *method* by which the sentence was calculated." United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam).

---

[3](...continued)
aggravated assault.

A sentencing court is required, under 18 U.S.C. § 3553(c), to "state in open court the reasons for its imposition of the particular sentence," and this requirement is a component of procedural reasonableness under Kristl.[4] See United States v. Romero, ___ F.3d ___, 2007 WL 1874231 at *2 (10th Cir. Jun. 29, 2007). But where a defendant raises no contemporaneous objection to the court's explanation of the procedure by which his sentence was determined, "we may reverse the district court's judgment only in the presence of plain error." United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007), petition for cert. filed (U.S. May 24, 2007) (No. 06-11540). "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." Romero, 2007 WL 1874231 at *5.

As we have previously stated, where "a district court imposes a sentence falling within the range suggested by the Guidelines, Section 3553(c) requires the court to provide only a general statement of 'the reasons for its imposition of the particular sentence.'"[5] Ruiz-Terrazas, 477 F.3d at 1199. Thus, "we see nothing

---

[4]Like the defendant in Romero, Cereceres before this court raises only challenges to the method by which his sentence was calculated and announced. He has not raised any argument that the length of sentence imposed was unreasonable, and we consider such arguments waived.

[5]We note, in addition, the specific requirement of § 3553(c)(1) that a district court explain "the reason for imposing a sentence at a particular point within the [Guidelines] range" for a within-Guidelines sentence whose range

(continued...)

- 12 -

in Section 3553(c) requiring a specific explanation from the district court of a sentence falling within the Guidelines range," id. at 1201, and "when imposing a sentence within the properly calculated Guidelines range, a district court must provide . . . only 'a general statement noting the appropriate guideline range and how it was calculated,'" id. at 1202 (quoting United States v. Lopez-Flores, 444 F.3d 1218, 1222 (10th Cir. 2006), cert. denied, 127 S.Ct. 3043 (2007)). We find the Supreme Court's latest pronouncement in Rita v. United States on the requirements of § 3553(c) in accordance:

> [W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3353(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical. Unless a party contests the Guidelines sentence generally under § 3553(a) — that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way — or argues for departure, the judge normally need say no more.

127 S. Ct. 2456, 2468 (2007).

Applying these precepts to the case at hand, we find we need not look any further than the first prong of the plain error standard of review, because the district court committed no error. Although the sentencing court provided no direct response at all to Cereceres's requests for departure, its citation of the

[5](...continued)
exceeds 24 months.

PSR's calculation method and recitation of the suggested imprisonment range amply fulfilled § 3553(c)'s requirement of a "general statement noting the appropriate guideline range and how it was calculated." Ruiz-Terrazas, 477 F.3d at 1202. "[C]ontext and the record make clear" the district court's reasoning for rejecting Cereceres's arguments, and the court "must have believed there was not much more to say." Rita, 127 S. Ct. at 2469. Like the Supreme Court, "we do not believe the law requires the judge to write more extensively." Id.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.