**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

MARIO PEREZ,

      Defendant–Appellant.

No. 06-2289
(D.C. No. CR-92-236 JC)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Appellant Mario Perez appeals his sentence following revocation of supervised release on the ground that the district court was unreasonable in imposing this sentence consecutive to, rather than concurrent with, his sentence for a new drug conviction. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and **AFFIRM**.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

**I**

In 1992, Perez, a Cuban national and deportable alien, was convicted of federal charges related to a drug distribution conspiracy in the District of New Mexico ("the New Mexico case"). He was sentenced to 87 months' imprisonment, concurrently with a 120-month sentence on related state charges, followed by three years' supervised release. After serving his term of imprisonment, Perez was released into the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and detained for nearly two years.[1] Perez's period of supervised release began to run as soon as he was transferred to ICE custody.

Approximately one year after his release from ICE custody and with only five weeks of supervised release remaining, Perez was arrested for participating in a cocaine sale. He pled guilty to charges of possession with intent to distribute in the Central District of California ("the California case") and was sentenced to 108 months' imprisonment.

Because this new conviction violated the conditions of Perez's supervised release in the New Mexico case, his parole officer filed a Violation Report

---

[1] Because Cuba does not accept repatriations from the United States, Perez was detainable for a reasonable period of time pursuant to Zadvydas v. Davis, 533 U.S. 678, 689 (2001). The reasons for Perez's long detention are not clear from the record and are not at issue in this case.

calculating an advisory sentencing range of 18 to 24 months' imprisonment pursuant to § 7B1.1, .3, & .4(a) of the Sentencing Guidelines.  The New Mexico district court held a revocation hearing on September 20, 2006, and imposed an additional 18-month sentence, to run consecutively with the 108-month sentence in the California case.  Perez appeals the consecutive nature of this revocation sentence, but not its length or method of calculation, as procedurally and substantively unreasonable.

**II**

We review sentences for both procedural and substantive reasonableness, United States v. Cage, 451 F.3d 585, 591 (10th Cir. 2006), and apply a rebuttable presumption of reasonableness to within-Guidelines sentences, United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).  When imposing a sentence upon revocation of supervised release, procedural reasonableness requires that a sentencing judge consider the sentencing factors specified in 18 U.S.C. § 3583(e).[2]  Furthermore, the district court must "state in open court the reasons

_____

[2] Section 3583(e) incorporates several of the sentencing factors in 18 U.S.C. § 3553(a), specifically:

> the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

(continued...)

- 3 -

for its imposition of a particular sentence." 18 U.S.C. § 3553(c); see also United States v. Rose, 185 F.3d 1108, 1112-13 (10th Cir. 1999) (applying § 3553(c) to the imposition of consecutive sentences upon revocation of supervised release under § 3583(e)(3)). This explanation need not be "lengthy" where the sentence imposed is consistent with the Guidelines. Rita v. United States, 127 S. Ct. 2456, 2468 (2007). Rather, a judge must simply satisfy us "that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Id.

We apply an even more deferential standard of review where a defendant fails to contemporaneously object to the sentencing court's procedure, including its consideration of the appropriate sentencing factors. In such cases, we review only for plain error. United States v. Romero, 491 F.3d 1173, 1177 (10th Cir. 2007). Because Perez did not object at sentencing, we will remand for resentencing only if "there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1178. We have recently refused to find plain error in the imposition of a within-Guidelines sentence even where a district judge mentioned only the Guidelines and addressed neither the defendant's

---

[2](...continued)

United States v. Contreras-Martinez, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005).

nonfrivolous arguments for a lower sentence, nor the factors in § 3553(a).  See

United States v. Cereceres-Zavala, ___ F.3d ___, 2007 WL 2421755, at *5 (10th

Cir. Aug. 28, 2007).

Perez challenges on appeal the sentencing judge's failure to explicitly

reference the § 3553(a) factors during his revocation hearing.  At the hearing,

Perez admitted violating the conditions of his supervised release, and his counsel

asked the judge to consider Perez's cooperation against other defendants in the

California case in determining his sentence, adding that his violation came just

five weeks before the end of his term of supervised release.  Perez himself

requested a concurrent sentence.  The court rejected this request, stating:

> The Court determines that under Section 7B1.1 of the sentencing
> guidelines, which are not binding on me, that the crime for which the
> defendant admitted is classified as a Grade A violation.  The criminal
> history category is III.  A Grade A violation and a criminal history
> category of III establishes a revocation imprisonment range of 18 to
> 24 months.  The Court finds that the sentencing guidelines are
> advisory.
>
> The defendant, Mario Perez, is committed to the custody of the
> Bureau of Prisons for a term of 18 months.  Said term shall run
> consecutively to the term of imprisonment in . . . the Central District
> of California.

The Guidelines provide that "[a]ny term of imprisonment imposed upon the

revocation of probation or supervised release shall be ordered to be served

consecutively to any sentence of imprisonment that the defendant is serving."

U.S.S.G. § 7B1.3(f).  Thus, the district court was within the Guidelines in

imposing consecutive terms, and Perez's sentence is entitled to a rebuttable presumption of reasonableness. See Kristl, 437 F.3d at 1054. To rebut this presumption, Perez argues that the district court's failure to allude to the § 3553(a) factors or directly address his arguments for a variance renders his sentence procedurally unreasonable.

In light of our recent holding in Cereceres-Zavala, however, it was not plain error for the sentencing court not to address Perez's arguments in detail. See Cereceres-Zavala, 2007 WL 2421755, at *5 ("Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case." (quoting Rita, 127 S. Ct. at 2468)). In that case, we found a sentence to be reasonable in circumstances identical to those at hand, except that the defendant therein had raised his arguments in more detail and in writing. Id. at *1. Considering the weakness of Perez's arguments for a variance (see supra) and the sentencing court's explicit recognition that the Guidelines are not binding on it, we hold that the context here makes clear that the sentencing judge applied his independent judgment and chose to rely on the reasoning behind the Guidelines.[3] Thus, Perez's sentence is procedurally reasonable.

---

[3] We recognize that there may be tension between Cereceres-Zavala and past decisions holding that the district judge must "somehow indicate that he or she did not rest on the guidelines alone." E.g., United States v. Jarrillo-Luna, 478 F.3d 1226, 1230 (10th Cir. 2007) (citing United States v. Sanchez-Juarez, 446

(continued...)

**III**

Perez also challenges the substantive reasonableness of his sentence. We have not yet articulated a standard of review for consecutive sentences imposed upon revocation of release after United States v. Booker, 543 U.S. 220 (2005). However, because we find that Perez's sentence was reasonable, and it is clear that we do not examine a district court's chosen sentence for anything more demanding than reasonableness, see Rodriguez-Quintanilla, 442 F.3d 1254, 1257 (10th Cir. 2006),[4] we need not consider the applicability of some even more deferential standard of review.

Perez challenges the reasonableness of the consecutive nature of his revocation sentence in light of: (1) the length of his sentence in the California case; (2) the time he spent in ICE detention; and (3) his cooperation with the

---

[3](...continued)
F.3d 1109, 1117 (10th Cir. 2006)). Given the substantial similarity between Cereceres-Zavala and this case, however, we are bound by its holding.

[4] Rodriquez-Quintanilla explains the confusion surrounding the effect of Booker on our review of consecutively-imposed revocation sentences. See id. at 1256-58. We note that since Rodriguez-Quintanilla was decided, we have held that our sliding scale of "reasonableness" review is the same as the "abuse of discretion" standard described in Rita. See United States v. Garcia-Lara, ___ F.3d ___, 2007 WL 2380991 (10th Cir. Aug. 22, 2007).

government in the California case.[5]  None of these factors rendered the district court's decision to impose a consecutive sentence unreasonable.

First, Perez does not argue that either the California sentence or the revocation sentence was unreasonably long by itself, and each sentence was calculated in accordance with the Guidelines.  In the absence of some other factor not taken into account by the Guidelines, the long total incarceration imposed the two sentences does not make their consecutive imposition unreasonable.

Nor does the length of time Perez spent in immigration detention overcome the presumed reasonableness of his revocation sentence.  Perez asks us to find that it was unreasonable for the sentencing judge not to make his revocation sentence concurrent because he was recently deprived of his liberty for nonpunitive reasons.[6]  Although past immigration detention might be a permissible fact for a sentencing judge to consider under § 3553(a)(2)(B) ("adequate deterrence"), the court in this case was also free to exercise its discretion to reject this factor.  The fact that Perez committed a new crime so soon after his release from ICE custody suggests that the judge was correct to disregard the possibility of a deterrent effect.

_____

[5] Perez does not renew his argument at sentencing that the short time remaining in his period of supervised release rendered the consecutive sentence unreasonable.

[6] Immigration detention is civil and nonpunitive.  See Zadvydas, 533 U.S. at 690.

- 8 -

Finally, although Perez apparently did not receive a departure in the California case for "substantial assistance to authorities" under § 5K1.1 of the Guidelines, it does not follow that it was unreasonable for the sentencing judge to decline to take that cooperation into account in setting his revocation sentence. Perez presented no evidence of this cooperation or its value to the sentencing judge beyond the brief description offered by his counsel. In light of the Central District of California's failure to grant a departure from Perez's sentence in the case in which he alleges cooperation, it was reasonable for the New Mexico court to conclude that no departure from his revocation sentence was merited.

In short, none of the factors cited by Perez are sufficient to overcome the presumption of substantive reasonableness that attaches to within-Guidelines sentences imposed by the district courts.

**IV**

For the reasons stated above, we **AFFIRM** the district court.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge