**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EVERARDO LUIS MATUL-
ALVARADO,

Defendant-Appellant.

No. 06-2255

(D. New Mexico)

(D.C. No. CR-06-733-JC)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is,

therefore, ordered submitted without oral argument.

Everardo Matul-Alvarado pleaded guilty to illegally reentering the United

States after previously being deported following an aggravated felony conviction.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

8 U.S.C. § 1326(a), (b)(2). The district court sentenced him to fifty-seven months' imprisonment, a term at the bottom of the advisory guidelines range. Matul-Alvarado appeals, asserting the district court's sentence is both procedurally and substantively unreasonable. Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, this court **affirms**.

Matul-Alvarado is a citizen of Guatemala. On April 12, 1999, he was arrested on charges of felony Assault and Battery—Domestic (Second Offense). During a domestic dispute, Matul-Alvarado hit his wife on the cheek, leaving a visible black eye. Matul-Alvarado pleaded guilty to the charge, but failed to appear at sentencing. When he was later arrested on drunk-driving charges, he was sentenced to two years' imprisonment on the felony assault and battery conviction. At the completion of his term of incarceration, Matul-Alvarado was turned over to immigration authorities and deported to Guatemala.

In February of 2006, Matul-Alvarado was found by police officers near Santa Clara, New Mexico. Shortly thereafter, Matul-Alvarado waived the right to a grand jury indictment and pleaded guilty to a one-count information charging him with being an alien who had illegally returned to the United States after being previously deported subsequent to an aggravated-felony conviction. 8 U.S.C. § 1326(a), (b)(2). In advance of sentencing, the probation office prepared a presentence report ("PSR"). The PSR determined Matul-Alvarado's base offense level was eight. U.S.S.G. § 2L1.2(a) (providing a base offense level of eight for

unlawfully entering or remaining in the United States).  The PSR increased

Matul-Alvarado's offense level by sixteen because he had reentered the United

States after being previously deported following a conviction for a crime of

violence.  *Id.* § 2L1.2(b)(1)(A)(ii).  The PSR then deducted three levels for

acceptance of responsibility, *id.* § 3E1.1, leaving a total offense level of twenty-

one.  When that total offense level of twenty-one was combined with Matul-

Alvarado's criminal history category of IV, the resulting advisory sentencing

range was fifty-seven to seventy-one months.

In response to the PSR, Matul-Alvarado filed a document titled "Objections

and Comments to PRS and/or Request for a Downward Variance from the

Indicated Guideline Range Pursuant to *Booker*" (the "Objection").  The terse

Objection simply argued that Matul-Alvarado's domestic battery conviction did

not fit within the guidelines definition of a crime of violence and noted that his

wife, to whom he was still married, did not want him prosecuted.[1]

---

[1]The Objection, in its entirety reads as follows:

I.
     Mr. Matul objects to the 16 level enhancement for the following reasons.  Mr. Matul stipulates that an 8 level enhancement for an aggravated felony[, pursuant to U.S.S.G. § 2L1.2(b)(1)(C),] is appropriate.
          1)  One can be convicted under the Oklahoma statute for non-consensual touching.  *United States v. Rowland*, 357 F.3d 1193 (10th Cir. 2004).  Therefore, the Oklahoma statute includes actions that lack intent and are not crimes of violence under the definition of

(continued...)

At the sentencing hearing, the district court began by asking defense counsel whether he had reviewed the PSR with Matul-Alvarado. When defense counsel answered in the affirmative, the district court inquired whether there was anything in the PSR Matul-Alvarado wished to bring to the court's attention. Counsel merely reiterated the purely legal claim set out in the Objection that Matul-Alvarado's previous conviction for felony assault and battery did not qualify as a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii). Other than

[1](...continued)
the sentencing guidelines.

The Tenth Circuit has held that if a state statute criminalizes actions that include actions that would not be a crime of violence under the guidelines then the 16 level enhancement does not apply. *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005).

In further support of the above, the Fifth Circuit has held that the Georgia and Illinois assault and battery statutes, especially for domestic violence, are too broad and therefore are not crimes of violence subject to the 16 level enhancement. *United States v. Gomez-Vargas*, 111 Fed. App'x 741 (5th Cir. 2004); *United States v. Aguilar-Delgado*, 120 Fed. App'x 522 (5th Cir. 2004); and *United States v. Lopez-Hernandez*, 112 Fed. App'x 984 (5th Cir. 2004).

2) The Oklahoma conviction arose from a loud verbal argument with his wife wherein his wife did not want to prosecute which, in some jurisdictions, would have meant that he would not have been prosecuted. He is still married to the same woman who is the mother of his children.

II.
For the above reasons, Mr. Matul believes that an 8 level enhancement for an aggravated felony will result in a sentence sufficient to but not greater than necessary to achieve the goals of the sentencing statute.

the short statement regarding the applicability of § 2L1.2(b)(1)(A)(ii), defense counsel simply stated as follows: "And I would note that [Matul-Alvarado] is still married to the same woman[, the victim of the domestic battery,] and she intends to move with him and the children to [Guatemala] when this—when he gets released from whatever sentence he has to serve."

After listening to counsel's argument, the district court rejected the contention that Matul-Alvarado's felony assault and battery on his wife was not a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii). Accordingly, the district court adopted the advisory sentencing range of fifty-seven to seventy-one months' imprisonment set out in the PSR. The district court then noted it had reviewed the factual findings set out in the PSR, the advisory guidelines range, and the factors set out in 18 U.S.C. § 3553(a). Based on that review, the district court imposed a sentence of fifty-seven months' imprisonment. Matul-Alvarado did not ask the district court for a more detailed explanation of its sentencing decision.

On appeal to this court, Matul-Alvarado asserts the district court's sentence is both procedurally and substantively unreasonable. As to procedural reasonableness, Matul-Alvarado claims the district court erred in failing to sufficiently explain its reasons for declining his request for a downward variance.[2]

_____

[2]Matul-Alvarado has specifically abandoned his argument, made only before the district court, that his felony assault and battery conviction is not a crime of violence for purposes of the sentencing guidelines. Appellant's Opening Brief at 4 n.1.

As to substantive reasonableness, Matul-Alvarado asserts that his sentence is too long. In particular, Matul-Alvarado argues that by classifying his felony assault and battery on his wife as a crime of violence deserving of a sixteen-level enhancement to his offense level, the Sentencing Guidelines unreasonably failed to differentiate between violent crimes, treating murderers the same as domestic batterers.

The standard this court applies in analyzing Matul-Alvarado's claims is set out in this court's recent opinion in *United States v. Cereceres-Zavala*, 499 F.3d 1211 (10th Cir. 2007).

> After *United States v. Booker*, 543 U.S. 220 (2005), in which the Supreme Court struck down the mandatory application of the United States Sentencing Guidelines as a violation of the Sixth Amendment, "we review sentences imposed by the district court for reasonableness." *United States v. Jarrillo-Luna*, 478 F.3d 1226, 1228 (10th Cir. 2007). Reasonableness review inquires "whether the district court correctly applied the Guidelines and whether the ultimate sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1114 (10th Cir. 2006). This review "necessarily encompasses both the reasonableness of the length of the sentence, as well as the *method* by which the sentence was calculated." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam).
> A sentencing court is required, under 18 U.S.C. § 3553(c), to "state in open court the reasons for its imposition of the particular sentence," and this requirement is a component of procedural reasonableness under *Kristl*. *See United States v. Romero*, 491 F.3d 1173, 1175 (10th Cir. 2007). But where a defendant raises no contemporaneous objection to the court's explanation of the procedure by which his sentence was determined, "we may reverse the district court's judgment only in the presence of plain error." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007), *petition for cert. filed* (U.S. May 24, 2007) (No. 06-11540).

> "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Romero*, 491 F.3d at 1178.

499 F.3d at 1216-17 (footnote omitted).

*Cereceres-Zavala* forecloses Matul-Alvarado's assertion that the district court committed procedural sentencing error when it failed to offer a detailed explanation of its denial of Matul-Alvarado's request for a downward variance. The facts and procedural history in *Cereceres-Zavala* are, in all important respects, identical to the facts in this case. Relying on this court's decision in *Ruiz-Terrazas* and the Supreme Court's recent decision in *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007), *Cereceres-Zavala* held that in a run-of-the-mill case involving a sentence within the advisory guidelines range, it was unnecessary for the district court to specifically address on the record, by reference to the factors set out in 18 U.S.C. §3553(a), a request for a downward variance. 499 F.3d at 1216-18. Instead, it was sufficient for the district court to state how it had arrived at the advisory guidelines range and generally note it had considered in gross the factors set out in § 3553(a). *Id.* at 1217-18; *see also Rita*, 127 S. Ct. at 2468 ("Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case and that the judge has found that the case before him is typical.").

The rule set out in *Cereceres-Zavala* has particular force where the defendant's request for a downward variance is cursory and/or not tied with specificity to the factors set out in § 3553(a), as is the case here. *Cf. Rita*, 127 S. Ct. at 2468 (indicating that when a party fully develops an argument for a variance by reference to the § 3553(a) factors, a district court might need to say more); *see also United States v. Perez*, No. 06-2289, 2007 WL 3011046, at *2 (Oct. 16, 2007) (unpublished disposition cited solely for its persuasive value) (concluding a district court's decision to not specifically address the defendant's request for a downward variance was reasonable "[c]onsidering the weakness of [those] arguments"). Any other approach would amount to imposing upon the district courts, on the defendant's behalf, an obligation to both build up and knock down a sentencing strawman. The sentence imposed by the district court in this case, which was based on a correctly calculated guidelines range, a stated consideration of the § 3553(a) factors, and an understanding that the guidelines are advisory, is procedurally reasonable.

Because Matul-Alvarado's sentence falls within a properly calculated guidelines range, it is entitled to a rebuttable presumption of substantive reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1053-55 (10th Cir. 2006); *see also Rita*, 127 S. Ct. at 2462-63. Having reviewed the record and considered Matul-Alvarado's arguments, this court concludes he has failed to rebut that presumption. Accordingly, his sentence is substantively reasonable.

For those reasons set out above, the sentence imposed by the district court is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge