**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOSE HERNANDEZ-LOPEZ,

     Defendant-Appellant.

No. 08-3153
(D.C. No. 07-CR-40112-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY,** and **GORSUCH**, Circuit Judges.

Jose Hernandez-Lopez pled guilty to one count of unlawful re-entry of a previously deported alien, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), and was sentenced to 30 months' imprisonment. On appeal, he challenges his sentence as procedurally unreasonable. He contends that the district court's explanations for rejecting his arguments for a downward departure were either

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

inadequate or did not correspond to the ultimate sentence imposed. We disagree and so affirm.

* * *

After Mr. Hernandez-Lopez pled guilty to having violated 8 U.S.C. §§ 1326(a) and 1326(b)(2), the probation officer prepared a presentence report in which he calculated an offense level of 18, a criminal history of category III, and a resulting recommended Guidelines range of 33-41 months. The government later agreed, in exchange for the defendant's limited waiver of his right to appeal a sentence of 21 months or less, to a one-level reduction for acceptance of responsibility; this yielded a recommended Guidelines range of 30-37 months. Mr. Hernandez-Lopez did not object to the PSR, but prior to the sentencing hearing filed a memorandum requesting a downward variance to 21 months.

Mr. Hernandez-Lopez advanced three principal arguments for the variance. First, Mr. Hernandez-Lopez argued that a 12-level enhancement for his prior drug-trafficking crime, which the PSR recommended pursuant to U.S.S.G. § 2L1.2(b)(1)(B), "weigh[ed] far too heavily in the sentencing calculation" because his prior crime was a relatively minor one. Vol. II at 4. Second, he argued that the guideline allowing for the imposition of this enhancement should be afforded less weight because the Sentencing Commission did not conduct an empirical study of the need for such a punishment. *Id.* at 4-5. Finally, Mr. Hernandez-Lopez argued that the court should reduce his sentence to avoid a

sentencing disparity between him and other similarly situated defendants in fast-track districts. *Id.* at 4, 9-13.

At the sentencing hearing, Mr. Hernandez-Lopez's counsel reiterated these three arguments. The district court then addressed each argument in turn. As to the first, the court rejected it, explaining:

> But in terms of the 12-level bump and the weight given to the prior drug conviction, the Court is of the mind that those are appropriate even though the Sentencing Commission may not have explained that very well. Particularly, the Court can see that those are appropriate under the circumstances in this specific case. Although the Court's not saying they would be appropriate in every aggravated reentry case.

*Id.* at 24.

The district court also rejected Mr. Hernandez-Lopez's second argument for a variance, explaining:

> And with regard to the lack of empirical basis for the specific 12-level enhancement, that is of some concern. I think that's an argument better made to the circuit court.
> But the Court will make this observation. At least in comparing it to the firearms offenses, there's more of a graduated number of levels, and certainly a graduated base offense level based on a number of circumstances having to do with who the offender is and what the offender's background is when compared to this immigration guideline, which starts with this very low base offense level of 6.
> The Sentencing Commission may not have explained it very well. They may not have explained it at all. I don't know. But the real difference here between an aggravated reentry and an unaggravated reentry is a difference between someone who's going to get probation, because they're going to start with the base offense level of 6, and someone who's going to get a sentence of more than probation.
> But, for example, in this case Mr. Lopez, who has a criminal history of 3, is looking at a sentence in the range of, you know, two plus to three years. So the real difference seems to be, you know, call it draconian, but

the real difference seems to be a situation in which either a defendant is essentially going to get probation, or they're going to serve a relatively short sentence, somewhere in the range of two, three, four years, perhaps.

When looked at in that aspect, the Court thinks that a sentence within the guideline range is justified for the reasons set forth in the sentencing statute. When someone has been deported before and–in this case twice–in between deportations has sustained a criminal conviction for a drug crime, although, obviously, in this case not for any major trafficking of any major quantity, at least he wasn't convicted of that, none the less, it makes sense that this defendant should receive a sentence of prison.

*Id.* at 19-21.

And finally, the district court rejected the third argument for a variance,

stating:

This is not a fast-track district. There have been times that this Court has granted variances on the basis that this is not a fast-track district, and there are typically situations where the government agrees that a variance is appropriate.

This Court can't really speak to the disparities and charge bargaining among the districts. The case that the defendant cites in his brief about charge bargaining I'm not sure that [] court really did an empirical analysis of charge bargaining across the country.

Clearly, that was one of the judiciary's primary arguments against the diminishment of discretion in the judiciary when the guidelines were enacted back in the 1980s, that through charge bargaining and plea bargaining too much power would lie in the hands of the executive branch and not enough in the judicial branch. And perhaps that did play a part in the trilogy of decisions from the Supreme Court that changed the landscape in sentencing and the no longer mandatory power of guidelines.
. . .
So essentially I'm not necessarily rejecting the generic arguments raised by this defendant in terms of some of the concerns in terms of geographical disparity and fast-track programs and geographical disparity, if any, in charge bargaining. There probably is; I just don't have the evidence of that.

*Id.* at 18-19, 24.

- 4 -

The court then provided additional reasons for imposing the 30 month

sentence:

> The Court is to fashion a sentence under Title 18, United States Code, Section 3553 (a) that imposes a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing identified in this statute. And those purposes are: The need that the sentence reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes of the defendant, and the need to provide the defendant with needed correctional treatment.
>
> The Court finds in this case this is a 26-year-old defendant. He first illegally entered this country in the year 2000. He was deported in 2001. He thereafter entered illegally again and in 2001 sustained a conviction for a drug crime, sale or transport of a controlled substance. Specifically, a very small quantity of crack cocaine. Less than 2 grams of crack cocaine. He received probation for that sentence, although that probation supervision was apparently revoked at some point.
>
> He was deported in 2002. By his own acknowledgment he reentered the country in 2004, and then was found to be in this country resulting in the current charges filed of unlawful reentry of a deported illegal alien.
>
> So he's been deported at least twice before. Once before for a drug conviction. He sustained the drug conviction. Very shortly after that deportation he was deported again, some six years ago, and has now been convicted, pled guilty to reentering the country under all of these circumstances.
>
> . . . .
>
> This defendant should receive a sentence of prison because it serves the interest of a deterrent effect. There may not be empirical research about that, but just generally speaking, the guidelines–there's been a number of other guidelines where there's been empirical research that a sentence of some custody versus a sentence of probation, particularly with a repeat offender, seems to have some deterrent effect. Perhaps it hasn't been studied enough, but there seems to be this general sense in the guidelines that that's why some people should receive a custodial sentence and some people should not.
>
> And then it is a serious offense, and it's much more serious when someone comes in the country illegally multiple times and commits a crime while they're here than someone who comes into the country multiple times

to work but does not commit a crime while they're here. So a custodial sentence reflects that it is a serious offense in that respect.

There's a need to impose a sentence that promotes respect for the law. Again, someone that comes into the country repeatedly illegally is illustrating, demonstrating a lack of respect for the law. But again, that's someone that ought to be looked at differently than someone that comes into the country repeatedly and then commits a distinct crime while they're here.

And so for these reasons the Court is of the mind that a sentence within the guideline range is appropriate under all circumstances in this case because it will reflect the seriousness of the offense in this case, promote respect for the law, provide just punishment, as well as afford adequate deterrence.

Also, again, this is a defendant that has demonstrated that when he comes into the country, and he's saying he comes in here to work, like most defendants do, he's willing to commit a crime. He did at least commit one. Whether it was to supplement his income or because he does have a history of drug and alcohol abuse, a custodial sentence is one that the Court views as necessary in this case to protect the public from further crimes of the defendant. That's different than someone that comes here to work and is not going to commit any crimes while they're here, other than just being here illegally.

And then the need to provide the defendant with correctional treatment. This defendant is 26, does have a history of drug and alcohol abuse. During his short custodial sentence when he was revoked because of, I guess, violating the conditions of probation, he did receive, it looks like, some sort of drug treatment. He went to AA or something along those lines. But a sentence in the range of two plus to three plus years here will provide him with that benefit as well.
. . .
So the Court will deny the request for a variance and sentence the defendant to the bottom of the guideline range. In this case the defendant's total offense level is 17, and the criminal history category is 3. The statute provides for not more than 20 years. The guideline range is 30 to 37 months. The Court's sentence is 30 months of custody.

*Id.* at 16-18, 21-25.

After discussing additional terms of defendant's sentence, the court turned

to defense counsel and informed him that the defendant's grounds for variance

were "duly noted," and asked whether counsel had "[a]ny additional objections." *Id.* at 27.  To this, counsel replied: "No.  I think under Tenth Circuit precedent, as I understand it, I think the Court's noting the variance objections is sufficient to preserve them.  For whatever it's worth, to avoid plain error we urge those objections procedurally and substantively."  *Id.* at 27-28.

* * *

On appeal, Mr. Hernandez-Lopez challenges the procedural, not substantive, reasonableness of his sentence.  In other circumstances, we might have to face the question whether Mr. Hernandez-Lopez's objections in the district court – all aimed at the substantive propriety of a variance – were sufficient to preserve his appellate challenge to the procedural adequacy of the district court's explanations for its decision and thereby avoid plain error review.[1] But the government has conceded the adequacy of defense counsel's objections to preserve a procedural challenge in this court, Appellee Br. at 7, and because the

---

[1]  While defense counsel vigorously disputed substantive dimensions of his client's sentence, after the court explained its reasons for rejecting counsel's variance arguments and for imposing a 30 month sentence, counsel informed the court that it had no additional objections.  It is far from clear whether counsel's substantive objections, coming *before* the court's explanations, put the court on notice that counsel viewed the court's *later* explanation for its sentence to be procedurally inadequate.  *See United States v. Mendoza*, 543 F.3d 1186, 1191 (10th Cir. 2008) (government's substantive objections at sentencing hearing did not encompass a procedural objection it later raised on appeal).  It is likewise unclear whether counsel's statement that "[f]or whatever it's worth, . . . we urge *those* [variance] objections procedurally and substantively," *id.* at 27-28, could fairly cure the problem by identifying the nature of the procedural objections Mr. Hernandez-Lopez now brings on appeal.

standard of review makes no difference to the outcome of the case, we analyze

Mr. Hernandez-Lopez's appeal assuming his procedural objection was preserved.

Under this posture, we ask whether the district court abused its discretion.

*United States v. Gall*, 128 S.Ct. 586, 597 (2007); *United States v. Todd*, 515 F.3d

1128, 1134 (10th Cir. 2008). The Supreme Court has explained that, for a

sentence to be procedurally reasonable, a "sentencing judge should set forth

enough to satisfy the appellate court that he has considered the parties' arguments

and has a reasoned basis for exercising his own legal decisionmaking authority."

*Rita v. United States*, 127 S.Ct. 2456, 2468 (2007). In this case, the record makes

clear that the district court carefully considered Mr. Hernandez-Lopez's request

for a downward departure, but concluded that leniency beyond that contemplated

by the Guidelines was unwarranted given his personal history. The court

specifically addressed each of Mr. Hernandez-Lopez's three variance arguments,

explaining why, given the circumstances of his case, it rejected them. In

particular, the court pointed to the seriousness of the fact that Mr. Hernandez-

Lopez had been twice deported, and had sustained another, intervening conviction

for a drug crime. We have little difficulty concluding on this record that the

court's degree of explanation was sufficient; indeed, it exceeded in detail what we

have previously held reasonable in analogous circumstances. *See, e.g., United*

*States v. Jarrillo-Luna*, 478 F.3d 1226, 1230 (10th Cir. 2007) (finding sentence

procedurally reasonable even though district court did not specifically address

defendant's request for a downward departure in its statement of reasons for imposing the sentence); *United States v. Cereceres-Zavala*, 499 F.3d 1211, 1217 (10th Cir. 2007) (same).

Mr. Hernandez-Lopez asserts in the alternative that, even if the district court did articulate enough to ensure that it considered his arguments and had some reason for rejecting them, those reasons did not rationally correspond or "square with" its conclusion not to grant a variance. Aplt. Br. at 7. Factually, we cannot agree.

As to Mr. Hernandez-Lopez's first argument – that a 12-level enhancement "weigh[ed] far too heavily in the sentencing calculation" – the district court explained that the enhancement was "appropriate under the circumstances in this specific case." Vol. II. at 4, 24. Later in the hearing, the district court identified and emphasized those specifics: the defendant had engaged in a pattern of unlawful behavior, including two prior deportations as well as a prior drug offense. *Id.* at 17-18. We can hardly say the district court's conclusion that a 30 month, within-Guidelines prison term was required is irrationally unconnected to its citation to the defendant's pattern of disregard for the immigration and drug laws. *Id.* at 20-22.

Regarding defendant's second argument – that there was no empirical basis for the 12-level enhancement – the court first observed that the difference in a sentence calculated with and without the enhancement might be prison-time

versus probation.  *Id.* at 19-21.  It then stated that in Mr. Hernandez-Lopez's particular case a sentence within the range calculated by applying the enhancement was "justified for the reasons set forth in the sentencing statute." *Id.* at 21.  Thus, here again, the court was clearly and not unreasonably calling attention to and relying upon the seriousness of Mr. Hernandez-Lopez's pattern of unlawful conduct to justify a within-Guidelines prison term rather than probation. *Id.*

Finally, regarding Mr. Hernandez-Lopez's third argument – concerning disparity between his sentence and those obtained in fast-track districts – the court recognized that it had previously granted variances on the basis of such disparities, but noted that Mr. Hernandez-Lopez simply had failed to present concrete evidence of such a disparity in his case.  *Id.* at 18-19, 24.  This rationale clearly links to and supports the court's result.

* * *

The district court's statement of reasons for imposing a within-Guidelines sentence was legally adequate, and those reasons all bear a rational connection to the sentence.  The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

- 10 -