**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MIGUEL ANGEL HERNANDEZ-
ESPINOZA,

    Defendant-Appellant.

No. 07-2107

(D.C. No. CR-07-214-MCA)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, McKAY** and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant Miguel Angel Hernandez-Espinoza pled guilty to one count of reentry

by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§§ 1326(a)(1), (a)(2), and (b)(2), and was sentenced to a term of imprisonment of twenty months. On appeal, Hernandez-Espinoza's counsel has filed an Anders brief and a motion to withdraw as counsel. See Anders v. California, 386 U.S. 738, 744 (1967). Diaz-Arreola was provided with a copy of the Anders brief, but has filed no response thereto. The government has declined to file a brief. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we conclude that the record does, in fact, contain two non-frivolous grounds for appeal, but that neither ground warrants reversal. Accordingly, we affirm the judgment of the district court and grant counsel's motion to withdraw.

I.

On October 24, 2006, Hernandez-Espinoza was arrested by United States Border Patrol agents in Santa Teresa, New Mexico, and charged with a single count of reentry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). On January 31, 2007, Hernandez-Espinoza waived his right to indictment and pled guilty, without benefit of a plea agreement, to the reentry count. A presentence investigation report (PSR) was subsequently prepared which calculated a total offense level of seventeen (17), a criminal history category of I, and a resulting guideline range of twenty-four (24) to thirty (30) months. Hernandez-Espinoza filed a sentencing memorandum conceding the accuracy of the relevant facts and guideline calculations set forth in the PSR, but asking the district court to impose a sentence of twelve months and one day due to the fact that his only prior criminal conviction occurred approximately thirteen years prior to his illegal reentry and arrest,

2

and because he was financially responsible for a wife and four children.

At the sentencing hearing, the district court asked the parties to address Hernandez-Espinoza's request for a downward variance. Hernandez-Espinoza's counsel reiterated the points made in the sentencing memorandum. Government counsel, in response, argued that Hernandez-Espinoza "ha[d] not rebutted the presumptively reasonable sentence as calculated by . . . the advisory guidelines in this matter." ROA, Vol. IV at 4. The district court expressly agreed with the government that the guideline sentence calculated in the PSR was presumptively reasonable and that Hernandez-Espinoza bore the burden of overcoming that presumption. Id. at 6 ("[W]e are talking about the burden you [defendant] have got to overcome, the presumption here."). Ultimately, however, the district court partially granted Hernandez-Espinoza's request for a downward variance by imposing a sentence of twenty months. In doing so, the district court stated:

> I have considered the advisory guidelines together with the sentencing factors under Section 3553(a). Here the offense level is 17 and the criminal history category is one. The guideline imprisonment range, as it is advisory, is 24 to 30 months. I note this defendant reentered the United States after being deported for aggravated felony.
>
> As to information 07-CR-214, this defendant, Miguel Angel Hernandez-Espinoza, is committed to the custody [sic] for a term of 20 months. I am looking at 20 months because I think this amount of time does promote respect for the law, I think it is sufficient to reflect the seriousness of the present offense and it does provide just punishment. I note also – well, the guidelines are calculated correctly. The defendant makes no objection to that. The history here concerning the prior conviction is almost 13 years old at this point, and I do think that this is a reasonable, fair, appropriate sentence here.

3

Id. at 7-8.

## II.

Under Anders, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." Id. The client is then permitted to submit arguments to the court in response. We are then obligated to conduct independently "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." United States v. Snitz, 342 F.3d 1154, 1158 (10th Cir. 2003) (alteration in original) (internal quotation marks omitted).

Having conducted such an examination in this case, we conclude that the district court's application of a presumption of reasonableness to the guidelines sentencing range, and its concomitant requirement that Hernandez-Espinoza overcome that presumption, gives rise to a non-frivolous ground for appeal. It is well established that, in reviewing criminal sentences for reasonableness, we presume a sentence is reasonable if it falls within the guidelines sentencing range. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006). This appellate presumption is appropriate because a within-Guidelines sentence rests on the reasoned judgment of both the United States Sentencing Commission and the sentencing judge. See Rita v. United States, 127 S. Ct. 2456, 2463 (2007). Importantly, however, a district court errs when it applies a presumption of

4

reasonableness to a sentence in the guidelines sentencing range.  E.g., United States v. Begay, 470 F.3d 964, 975-76 (10th Cir. 2006).  Necessarily, then, it is clear that the district court in this case erred when it applied such a presumption to the guidelines range that it calculated for Hernandez-Espinoza.

Because Hernandez-Espinoza's counsel failed to object to the district court's application of the presumption of reasonableness, we may not reverse unless the district court's error rises to the level of plain error.  United States v. Cereceres-Zavala, 499 F.3d 1211, 1217 (10th Cir. 2007) ("[W]here a defendant raises no contemporaneous objection to the court's explanation of the procedure by which his sentence was determined, we may reverse the district court's judgment only in the presence of plain error.") (internal quotation marks omitted).  "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (internal quotation marks omitted).

Although the first two prongs of the plain error test are clearly met in this case, we conclude that the district court's error did not affect Hernandez-Espinoza's substantial rights.  An error does not affect substantial rights unless it is prejudicial.  United States v. Romero, 491 F.3d 1173, 1179 (10th Cir. 2007).  In the context of a sentencing-related error such as the one that occurred here, that means that the error must have altered the sentencing outcome.  Id.  Even though the district court's application of the presumption of reasonableness initially moored it to the guidelines range, it is apparent from the record

5

that the district court ultimately concluded that one of the factors cited by Hernandez-Espinoza, i.e., the staleness of his prior criminal conviction, was sufficiently compelling to justify the imposition of a non-Guidelines sentence. Moreover, nothing in the record remotely suggests that the district court would have imposed an even lower sentence had it not initially applied a presumption of reasonableness to the guidelines range. To the contrary, the district court's statements on the record firmly indicate that it believed a twenty-month sentence to be "reasonable, fair, [and] appropriate" in light of the factors outlined in 18 U.S.C. § 3553(a).[1] ROA, Vol. IV at 8.

We also conclude, given the fact that the district court only partially granted Hernandez-Espinoza's request for a downward variance, that Hernandez-Espinoza can make a colorably non-frivolous argument that his sentence is substantively unreasonable. In assessing the substantive reasonableness of a sentence, we inquire simply whether the "sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)." After carefully examining the record in this case, we cannot say that the district court's decision to vary downward from the guidelines range based on the relative staleness of Hernandez-Espinoza's sentence was unreasonable, nor can we say that this factor, or the family circumstances also cited by Hernandez-Espinoza, warranted a greater downward variance. In other words, we are persuaded that the sentence imposed by the district court is substantively reasonable.

---

[1] For essentially these same reasons, we conclude that the fourth prong of the "plain error" test cannot be satisfied either.

6

The judgment of the district court is AFFIRMED and counsel's motion to withdraw is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge