**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 8, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE MANUEL MEDELLIN-
MUNOZ,

      Defendant-Appellant.

No. 07-2073
(D.C. No. 2:06-CR-1574-BB)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Defendant-Appellant Jose Manuel Medellin-Munoz ("Medellin") pled

guilty to a one-count information charging him with Reentry of a Deported Alien

Previously Convicted of an Aggravated Felony.  See 8 U.S.C. § 1326(a)(1)-(2) &

(b)(2).  The district court sentenced Medellin to a 41-month term of

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment. Medellin appeals, arguing that the sentence offends 18 U.S.C. § 3553(a)'s parsimony principle.[1] However, Medellin's counsel filed a brief averring that he was unable to unearth any support for Medellin's position. See Anders v. California, 386 U.S. 738 (1967). Having independently scrutinized the record, we agree with Medellin's counsel. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.  Background

U.S. Border Patrol agents apprehended Medellin, a Mexican citizen, during a traffic stop near Deming, New Mexico, on April 19, 2006. Immigration records revealed that Medellin had previously been deported as a consequence of a Nevada state court conviction for Battery with Substantial Bodily Harm in September 1998; moreover, Medellin had not been granted permission to re-enter the United States. Accordingly, Medellin was detained for prosecution and charged with a violation of 8 U.S.C. § 1326(a)(1)-(2), (b)(2). Medellin pled guilty on July 24, 2006.

The U.S. Probation Office prepared a presentence report ("PSR").[2] In accordance with U.S.S.G. § 2L1.2(a), the PSR set Medellin's base offense level at

---

[1]Title 18, section 3553(a) directs "[t]he court [to] impose a sentence sufficient, but not greater than necessary, to comply with" the sentencing objectives set forth therein.

[2]The Probation Office used the 2005 edition of the United States Sentencing Guidelines ("U.S.S.G.").

8, but added a 16-level enhancement because of his prior conviction for a violent felony.  See U.S.S.G. § 2L1.2(b)(1)(A)(ii).[3]  The PSR credited Medellin for accepting responsibility for his crime of reentry.  See U.S.S.G. § 3E1.1.  In sum, Medellin's total offense level was 21.  After tabulating Medellin's prior convictions and arrests, the Probation Office placed Medellin in criminal history category II.  Taken together with his offense level, this criminal history category resulted in an advisory guideline sentencing range of 41 to 51 months in prison.

At his sentencing hearing, Medellin assented both to the PSR's statement of facts and its calculation of his guideline range.  Yet Medellin, through counsel, argued that the court should vary downward from the guideline range because the 16-level enhancement overstated the seriousness of Medellin's prior violent felony.[4]  The sentencing judge was skeptical: he noted that Medellin's battery conviction resulted from a situation where Medellin and two other men attacked a security guard after he ejected them from a bar.  The judge also alluded to the PSR's statement that the guard overheard the men discuss killing him so that he

---

[3]In addition to the base offense level, the guidelines direct that "[i]f the defendant previously was deported . . . after – (A) a conviction for a felony that is . . . (ii) a crime of violence . . . increase by **16** levels."  U.S.S.G. § 2L1.2(b)(1).

[4]Medellin's counsel agreed that the battery conviction "fits within the guideline definition of crime of violence."  Nevertheless, he argued for a downward variance on the ground that the guidelines' definition of "crime of violence" is broad and Medellin's crime was relatively less severe than other violent crimes.

could not identify them. Lastly, the judge referred to the PSR's statement that Medellin had later threatened the guard with harm if he testified.

Before imposing sentence, the court noted that it had reviewed the PSR's factual findings, the guidelines, the parties' briefs, and the 18 U.S.C. § 3553(a) factors. In light of those inputs, the judge stated:

> The Court notes that defendant reentered the United States after having previously been deported subsequent to an aggravated felony conviction for battery, substantial bodily harm. And reflecting on the 3553 factors, this is a serious offense. In order to provide adequate deterrence, given the defendant's prior arrest for a similar offense and [to] protect the public from further crimes, it is my opinion that the guideline sentence is appropriate in this case.

The court then imposed a sentence of 41 months, at the bottom end of the advisory guideline range. Given the opportunity, neither the government nor Medellin's counsel offered any further objections.

## II. Discussion

Medellin's counsel filed an Anders brief, thereby triggering our duty to conduct independently a "full examination of all the proceeding[s] to decide whether the case is wholly frivolous." United States v. Snitz, 342 F.3d 1154, 1158 (10th Cir. 2003) (quotations omitted). Having done so, we conclude that Medellin lacks any meritorious reason to challenge his sentence.

We review a sentence imposed by the district court for its "reasonableness." United States v. Booker, 543 U.S. 220, 261-62 (2005); United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006). As such, we set aside a

- 4 -

sentence "only if it is procedurally or substantively unreasonable." United States v. Geiner, 498 F.3d 1104, 1107 (10th Cir. 2007). We presume the sentence is reasonable if it falls within the advisory sentencing guidelines range. Kristl, 437 F.3d at 1054. Cf. Rita v. United States, 127 S. Ct. 2456, 2465-67 (2007).

A sentence is procedurally reasonable if it "reflects the sentencing court's calculation of the applicable advisory Guidelines range and its application of the § 3553(a) factors." Geiner, 498 F.3d at 1107; United States v. Lopez-Flores, 444 F.3d 1218, 1220 (10th Cir. 2006), cert. denied, 127 S Ct. 3043 (2007) (stating that procedural reasonableness aspect centers on the method by which the court calculated the sentence).

At sentencing, Medellin's counsel conceded that the PSR accurately stated the pertinent facts and correctly calculated the advisory guideline range. "[W]here a defendant raises no contemporaneous objection to the court's" method for calculating the sentence, "we may reverse the district court's judgment only in the presence of plain error." United States v. Cereceres-Zavala, 499 F.3d 1211, 1217 (10th Cir. 2007); United States v. Romero, 491 F.3d 1173, 1177 (10th Cir. 2007), cert. denied, 128 S. Ct. 319 (2007). A plain error is present "only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." Romero, 491 F.3d at 1178.

Medellin's counsel dutifully acknowledged in his <u>Anders</u> brief that no non-frivolous grounds exist to challenge the procedural reasonableness of Medellin's sentence.  And our review of the record revealed no procedural error.  Without error there is no plain error.  We may turn now to the substantive prong of our reasonableness analysis.

"A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case."  <u>United States v. Atencio</u>, 476 F.3d 1099, 1102 (10th Cir. 2007).  Thus, we must simply inquire whether the "sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)."  <u>United States v. Sanchez-Juarez</u>, 446 F.3d 1109, 1114 (10th Cir. 2006).  Fulfilling our obligation under <u>Anders</u>, we conclude that Medellin cannot offer any colorable argument that his sentence is substantively unreasonable.

During the attack on the security guard, Medellin and two other men punched and kicked the man and also beat him with his baton.  They also apparently considered killing the security guard to silence him.  Thereafter, they repeatedly menaced him with threats of retaliation.  As the sentencing court noted, the Nevada battery conviction was a "serious offense" mandating a sentence that would deter subsequent conduct of the same sort and, in the meantime, protect the public.  Moreover, the Probation Office asserted that "there are no circumstances that take the defendant's case away from the heartland of

similarly situated defendants."  We have identified nothing in the record that persuades us otherwise.

## III.    Conclusion

For the foregoing reasons, we AFFIRM Medellin's sentence and GRANT his counsel's motion to withdraw.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge