**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2011

Lyle W. Cayce
Clerk

No. 10-40272

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR DIAZ-CORTES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:09-CR-746-1

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Cesar Diaz-Cortes pleaded guilty of illegal reentry by a previously deported alien, in violation of 8 U.S.C. § 1326.  His base offense level was set at 8 for the illegal reentry and was increased by sixteen for a 2003 Illinois conviction of "Aggravated Battery/Peace Officer/Fireman." He was given a two-level reduction for acceptance of responsibility, resulting in a net offense level of 22, which, coupled with a criminal history category of III, yielded a sentencing guideline

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range of 51-63 months.  He was sentenced, below the range, to 46 months' imprisonment, three years' supervised release, and a $100 special assessment.

On appeal, Diaz-Cortes raises only one issue: whether the district court erred in imposing the sixteen-level "crime of violence" enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  We agree with Diaz-Cortes that the Illinois conviction was not a "crime of violence."

The probation officer supplied a "Certified Statement of Conviction/-Disposition," which we assume *arguendo* can be used to supply information regarding the conviction.  That document indicates that Diaz-Cortes pleaded guilty to Count One of the information, simple battery by causing bodily harm, under an Illinois statute that states that "(a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual."  The conviction became an aggravated battery under Illinois law because the battery was of a police officer.

We agree with Diaz-Cortes that the conviction does not qualify as a crime of violence, because it does not have as an *element* the "use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 2L1.2, comment. (n.1(B)(ii)(I)).  This result is required under *United States v. Calderon-Pena*, 383 F.3d 254 (5th Cir. 2004) (en banc), and *United States v. Vargas-Duran*, 356 F.3d 598 (5th Cir. 2004) (en banc).  And in *United States v. Gomez-Vargas*, 111 F. App'x 741, 743 (5th Cir. 2004) (per curiam), we concluded that "[t]he Illinois aggravated battery statute provides for the commission of the offense in a number of different ways, some of which do not require the use of physical force against a person."

Accordingly, the judgment of sentence is VACATED and REMANDED for resentencing.  Because Diaz-Cortes may already have served more time than he will be required to serve after resentencing, we direct the district court to expedite the resentencing.  To accelerate that process, we also instruct the clerk to issue the mandate forthwith.