# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10032
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SALGADO-DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-355-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jose Salgado-Diaz appeals his conviction, under 8 U.S.C. § 1326(a) and (b)(2), for illegal reentry following deportation. Salgado-Diaz contends that the district court erred by entering judgment under § 1326(b)(2) based on his 2007 Illinois convictions for aggravated battery of a peace officer. He argues that the Illinois offense, as defined in 2007, is broader than "generic" aggravated battery because it does not require the use of a deadly weapon. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10032

Salgado-Diaz did not object in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Judgment is properly entered under § 1326(b)(2) when a defendant's prior removal was subsequent to his conviction for an "aggravated felony," including for a "crime of violence" for which the term of imprisonment was at least one year. § 1326(b)(2); 8 U.S.C. § 1101(a)(43)(F). A "crime of violence" is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a); *see Sessions v. Dimaya*, 138 S. Ct. 1204, 1210-16 (2018). We have not, in a published decision, held that Illinois's 2007 aggravated battery of a peace officer statute lacks the requisite use-of-force element to qualify as a "crime of violence." A "lack of binding authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

Salgado-Diaz cites our decision in *United States v. Reyes*, 866 F.3d 316 (5th Cir. 2017), for the proposition that Illinois aggravated battery constitutes a "crime of violence" only if committed with a deadly weapon, noting that his convictions were based merely on the status of the victim. But *Reyes* did not hold that an Illinois aggravated battery offense can constitute a "crime of violence" *only* if it involves the use of a deadly weapon, and it said nothing at all about aggravated battery based on the status of the victim. *See Reyes*, 866 F.3d at 319-23. Accordingly, *Reyes* does not show any error in this case to be "clear under current law." *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006).

In *United States v. Diaz-Cortes*, 451 F. App'x 323 (5th Cir. 2011), we held in an unpublished decision that Illinois aggravated battery of a peace officer does not have as an element the requisite use of force, but, as the Government correctly notes, the precedential basis for *Diaz-Cortes*'s holding was overruled

No. 18-10032

by our recent decision in *United States v. Reyes-Contreras*, 910 F.3d 169, 183-84, 187 (5th Cir. 2018) (en banc).  Thus, at best, "this circuit's law remains unsettled."  *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007).  As a result, any error in entering judgment under § 1326(b)(2) was not sufficiently clear or obvious to be plain error.  *See Puckett*, 556 U.S. at 135.

The judgment is AFFIRMED.